Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
mac@mbvesq.com
*Proposed Special Counsel to the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-200-ELG |
| | ) | (Chapter 11) |
| JPK NEWCO LLC | ) | |
| | ) | |
| Debtor. | ) | |

**APPLICATION TO APPROVE EMPLOYMENT
OF MAURICE B. VERSTANDIG, ESQ. AND THE
<u>VERSTANDIG LAW FIRM AS SPECIAL COUNSEL TO JPK NEWCO LLC</u>**

Comes now JPK NewCo LLC (the "Debtor" or "Applicant"), pursuant to Sections 327 and 329 of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and applies to engage Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC (collectively, "VLF"), as special counsel to the Debtor, and in support thereof states as follows:

1. This case was commenced when a voluntary petition for relief was filed on May 27, 2025.

2. The Debtor is, and at all times relevant has been, a debtor-in-possession.

3. The Debtor's most valuable assets are two promissory notes, secured by deeds of trust (collectively the "Loan Documents"). By virtue of litigation in the case captioned *Developer RE1 LLC, et al. v. WCP Fund I LLC, et al.* (the "RE1 Litigation"), a challenge has been made to

1

the enforceability of those deeds of trust, with the obligors—the plaintiffs in the RE1 Litigation—seeking cancellation of the promissory notes.

4. JPK has been joined as a party in the RE1 Litigation and presently has a motion to dismiss or, in the alternative, for summary judgment, pending therein.

5. Prior to the filing of the Petition, the Loan Documents had been assigned to the Debtor and the Debtor now holds the rights under the Loan Documents. The Debtor may—or may not—be bound by injunctions entered in the RE1 Litigation. In light of these realities, ensuring the Debtor be able to actively participate in the RE1 Litigation will prove a paramount priority both for purposes of this case and the implementation and funding of the Debtor's Plan of Reorganization that will be filed in this case.

6. Additionally, the Debtor anticipates imminently bringing suit, in this Honorable Court, against the obligors on the Loan Documents, and will require representation in connection with such a matter.

7. Approval is instantly sought of VLF's employment to provide the following services to the Debtor as special counsel:

   a. Represent the Debtor's interests in the RE1 Litigation;

   b. Represent the Debtor's interests in a related adversary proceeding to be commenced in this Honorable Court;

   c. Advise the Debtor's general bankruptcy counsel on matters related to the RE1 Litigation, including the impact of the injunction entered therein on the Debtor's ability to exercise certain rights and remedies;

8. Except as expressly disclosed in the attached declaration of Maurice B. VerStandig, VLF does not represent any other person or entity in connection with this case, and both VLF and

its principal are disinterested as that term is used in Section 101(14) of the Bankruptcy Code. VLF is not a creditor, an equity holder, or an insider of the Debtor; was not, within two years before the date of the petition for relief, a director, officer, or employee of the Debtor; and does not have any interest materially adverse to the interests of the estate or any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor (or for any other reason). Further, VLF holds no interest adverse to the interests of the Debtor in connection with the matter for which employment is sought.

9. VLF will petition this Honorable Court for approval of any fees and expenses incurred in connection with VLF's work as special counsel, charging the Debtor the same hourly rate as VLF charges its other clients in the RE1 Litigation (subject, of course, to this Honorable Court's approval of said rate). VLF will not, however, seek judicial approval of fees and expenses charged to other parties in the RE1 Litigation.

10. Attached hereto, and incorporated herein by reference, is the declaration of Maurice B. VerStandig, Esq. in support of this application.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order approving the employment of Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC as special litigation counsel to the Debtor; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

                Respectfully submitted,

Dated: May 28, 2025        By:    /s/ Maurice B. VerStandig
                                            Maurice B. VerStandig, Esq.
                                            Bar No. MD18071
                                            The VerStandig Law Firm, LLC
                                            9812 Falls Road, #114-160
                                            Potomac, Maryland 20854
                                            Phone: (301) 444-4600
                                            mac@mbvesq.com
                                            *Proposed Special Counsel for the Debtor*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 28th day of May, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein including, *inter alia*, counsel for the United States Trustee.

                                                            /s/ Maurice B. VerStandig
                                                            Maurice B. VerStandig