IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In Re:

JPK NEWCO, LLC,

      *Purported Debtor*.

Case No.: 25-00200-ELG
Chapter 11

**OBJECTION TO APPLICATION TO APPROVE
EMPLOYMENT OF SPECIAL COUNSEL FOR THE DEBTOR**

Developer RE1 LLC ("RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy"), two parties in interest in this Chapter 11 Case that have been listed as creditors, file this Objection to the Application to Approve Employment of Maurice B. VerStandig, Esq. ("Proposed Special Counsel") and the Verstandig Law Firm as Special Counsel for the Debtor filed on May 28, 2025 (the "Application) (ECF No. 7). In support of this Objection to the Application, RE1 and 423 Kennedy represent to the Court as follows:

Brief Background

1. The Application is part of the seemingly never-ending saga of lender litigants that have been abusing the bankruptcy court process for improper purposes since July 2024.

2. The purported debtor here, JPK NewCo, LLC ("JPK NewCo") is not a legitimate company. JPK NewCo is wholly owned by the WCP Fund I, LLC ("WCP Fund") and SF NU, LLC ("SF NU"). JPK NewCo is a controlled puppet of the WCP Fund.

3. As this Court knows from multiple proceedings and motions that the Proposed Special Counsel has unleashed on this Court, RE1 and 423 Kennedy are borrowers under certain loan documents, some of which were transferred to JPK NewCo in order to delay state law claims that were filed by RE1 and 423 Kennedy in December of 2022 in D.C. Superior Court

8161\0002\4906-2092-3983.v1

against DP Capital LLC d/b/a Washington Capital Partners ("WCP"),the WCP Fund, Daniel Huertas, Russell Drazin, and later SF NU.

4. Four of those defendants were getting their clocks cleaned by RE1 and 423 Kennedy in D.C. Superior Court, where two different judges held, each after a contested evidentiary hearing, that RE1 and 423 Kennedy were likely to prevail on their state law claims for breach of contract, tortious interference with business relations, and breach of the duty of good faith and fair dealing. Those same judges issued separate orders enjoining the defendants from pursuing any foreclosure on the properties owned by RE1 and 423 Kennedy until after their claims were decided at trial. *See generally* the TRO decisions in *Developer RE1 LLC v. DP Capital d/b/a Washington Capital Partners, et al.,* Case No, 2022-CAB-005935) and *423 Kennedy St. Holdings, LLC v. DP Capital d/b/a Washington Capital Partners, et al.,* Case No. 2023-CAB-004260 (the "Consolidated Cases").

5. Just days before those same defendants realized that they were about to have their depositions taken, where they finally would have no choice than to have to explain their misconduct under oath, they implemented their plan to try to have RE1 and 423 Kennedy's purely state law claims heard in this this Court by having Proposed Special Counsel file a notice of removal. *See generally* Case No. 24-10023-ELG (adversary proceeding removed to this Court by the WCP, the WCP Fund, Daniel Huertas, Russell Drazin, and SF NU (the "WCP Parties").

6. The WCP Parties then arranged for an involuntary Chapter 11 petition to be filed by a friendly creditor of JPK NewCo for the improper purpose of trying to create a core proceeding as a jurisdictional bootstrap for the removal of the Consolidated Cases. *See generally In Re JPK NewCo, LLC,* Case No. 24-00262-ELG ("*JPK NewCo I*").

2

7.  According to the related Application to Employ Wolff & Orenstein, LLC as Counsel ("O&W Application"), JPK NewCo is a sole purpose limited liability company that was formed by Russell Drazin on February 1, 2024. The O&W Application further indicates that:

> The Debtor was created for the purpose of holding two Promissory Notes ("Notes") that were viewed as potentially being tainted assets, and holding those assets for use in the negotiation of a resolution of claims asserted in litigation with the potential of offering an interest in the Debtor as part of the resolution. *Although settlement negotiations were pursued, no settlement was reached.*

ECF # 6 at 2, ¶ 6 (italic emphasis added).

8.  Although the O&W Application does not disclose what "litigation" is being referenced, the use of "litigation" refers to the Consolidated Cases.

9.  No other basic information about the business of JPK NewCo is disclosed in the O&W Application, such as whether JPK NewCo ever conducted any business, whether and how it was initially capitalized, or whether it ever had any employees.

10. The O&W Application does disclose that the WCP Fund, the wizard behind the curtain here, paid $20,000 as a retainer. Isn't it interesting that JPK NewCo, which by design was never properly capitalized, can obtain significant funds from the WCP Fund whenever it wants to as "a contribution to capital." *See, e.g.,* O&W Application at 2, ¶ 12 ("The [retainer] funds were provided by [the WCP Fund] and were treated as a capital contribution from [the WCP Fund] to [JPK NewCo]").

11. The O&W Application also does not disclose how a shell company like JPK NewCo, whose purported business purpose involved the negotiation of a settlement that was never achieved, somehow now needs protection under the bankruptcy code, either under Chapter 11 or otherwise.

3

8161\0002\4906-2092-3983.v1

12. The *JPK NewCo I* case was short lived. On September 23, 2024, the U.S. Trustee's Office filed The United States Trustee's Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112. *See* ECF # 37 (filed in *JPK NewCo I*).

13. Before the Court could decide whether *JPK NewCo I* should be dismissed for "cause" (*i.e.,* for being filed in bad faith), a Consent Order was entered dismissing the case based upon the non-payment of fees to the U.S. Trustee's Office.

14. This case -- *JPK NewCo II* -- suffers from almost all of the same infirmities of *JPK NewCo I*, except that this time the WCP Parties did not prop up a straw man that they created to initiate the Chapter 11 filing.

15. This Chapter 11 case was also filed in bad faith – on the heels of this Court issuing a decision remanding the Consolidated Cases to D.C. Superior Court – to again prevent RE1 and 423 Kennedy from litigating their state law claims to finality in the D.C. Superior Court.

<u>Basis for the Objection</u>

16. The WCP Parties' latest, improper abuse of the bankruptcy court process by the filing of *JPK NewCo II* will likely also be short lived. RE1 and 423 Kennedy will soon be filing a motion to dismiss this case for cause for all of the reasons that were previously outlined in the U.S. Trustee's motion to dismiss *JPK NewCo I* for cause. RE1 and 423 Kennedy do not know whether the U.S. Trustee's office will also be moving to dismiss this case for cause.

17. RE1, 423 Kennedy, the U.S. Trustee's Office, and the Court should first be given the opportunity to evaluate whether this Chapter 11 case was filed in bad faith, for an improper purpose, or involves a two-party dispute, before this case goes any further.

4

18. RE1 and 423 Kennedy also now have asserted claims against JPK NewCo and the WCP Parties to set aside multiple fraudulent transfers. If any those defendants assert an "advice of counsel" defense to those claims, or in defense of a dismissal of this case for being filed in bad faith, communications with the Proposed Special Counsel may become relevant to that defense (and discoverable), and/or otherwise be determined to not be subject to the attorney-client privilege. This is another reason that mitigates against approving the appointment of Proposed Special Counsel at this time.

19. The Consolidated Cases have again been stayed as a result of the filing of this Chapter 11 case, so there is no present need for Proposed Special Counsel to perform any work for JPK NewCo in the Consolidated Cases.

20. For these reasons, and for any reasons that may be advanced at the hearing on the Application on June 25, 2025, R1 and 423 Kennedy object to this Court permitting the appointment of Proposed Special Counsel. This case should go no further until it is first determined (i) whether the Chapter 11 petition was filed for an improper purpose and should be dismissed for cause; and (ii) whether JPK NewCo actually has a business that needs protection under the bankruptcy code.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: June 18, 2025

/s/ James D. Sadowski
James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Emails: jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Developer RE1 LLC and
423 Kennedy St Holdings LLC*

5

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I H<small>EREBY</small> C<small>ERTIFY</small> that on this 18th day of June, 2025, a true copy of the foregoing Objection to the Application to Approve Employment of Maurice B. Verstandig, Esq. and the Verstandig Law Firm as Special Counsel for the Debtor was filed electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski<br>
James D. Sadowski

8161\0002\4906-2092-3983.v1