UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

IN RE: *

JPK NewCo, LLC * Case No. 25-00200-ELG
(Chapter 11 - Subchapter V)

Debtor *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEBTOR'S PLAN REPORT

JPK NewCo, LLC, Debtor and Debtor-in-Possession (the "Debtor"), by JEFFREY M. ORENSTEIN and WOLFF & ORENSTEIN, LLC, having elected to proceed under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), files this report pursuant to 11 U.S.C. § 1188(c) of the Bankruptcy Code and the Amended Scheduling Order entered by this Court.

1. General Background

A. Debtor's Business and Commercial Activities.

i. Formation of the Debtor

The Debtor was formed on February 1, 2024, when its Articles of Organization were filed with the Corporations Division of the District of Columbia. At the time of its formation, WCP Fund I LLC ("WCP") and SF NU, LLC ("SFNU") were the Debtor's sole owners and remain its sole owners today. As addressed in more detail below, the Debtor was created on the advice of counsel, with then-present cognizance the Debtor might be used to either facilitate an amicable resolution to the pending litigation involving WCP and SFNU, and/or as a mechanism of siloing troubled assets so as to remove those assets, and their accompanying putative liabilities, from the balance sheets of WCP and SFNU.

JPK was capitalized by WCP and SFNU through contribution of two junior promissory notes held by WCP and SFNU respectively, and assignment of the correlative deeds of trust, with membership interests in the Debtor being given to WCP and SFNU as consideration for the contribution of the promissory notes. The formation and capitalization of the Debtor is reflected in its Operating Agreement.

ii. The Contributed Notes

In December 2021, WCP loaned $4,103,000.00 to Developer RE1 LLC ("DRL"), with the subject loan being memorialized by two promissory notes in the respective sums of $3,579,000.00 and $524,000.00 (the "DRL Notes"). The DRL Notes are both secured by deeds of trust (the "DRL Deeds of Trust") on the real property commonly known as 5501-5505 1st Street, NW, Washington, DC 20011 (the "DRL Property"). Similarly, in March 2022, WCP loaned $9,945,693.00 to 423 Kennedy St Holdings LLC ("423 Kennedy"), with the subject loan being memorialized by two promissory notes in the respective sums of $8,689,693.00 and $1,256,000.00 (the "423 Kennedy Notes"). The 423 Kennedy Notes are secured by deeds of trust (the "423 Kennedy Deeds of Trust") on the entity's eponymous property (the "423 Kennedy Property"). Both DRL and 423 Kennedy repeatedly defaulted under their respective notes and deeds of trust by, inter alia, allowing senior liens to accrue on the entities' properties, failing to

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

make interest payments in a timely manner, and failing to pay any of the four - let alone all four - notes at maturity. As a result, both DRL and 423 Kennedy were advised that foreclosure would be pursued.

iii. Pre-Petition Litigation & Mediation

DRL and 423 Kennedy asserted that they did not believe that their various breaches were sufficiently severe to warrant defaults being declared and foreclosures being scheduled. As a result, they each brought suit in the District of Columbia Superior Court (the "Superior Court") to enjoin those foreclosures, alleging the declared defaults to have amounted to tortuous interference with their business relations. The two cases were captioned Developer RE1, LLC v. DP Capital, LLC, et al. (the "DRL Litigation") and 423 Kennedy St Holdings, LLC v. DP Capital, LLC, et al. (the "423 Kennedy Litigation") and were consolidated in the Superior Court as Case No. 2022-CAB-005935 (the "Note Litigation"). The respective complaints are colorful in nature, with one expressly alleging that "Money is the Root of All Evil," and one accusing WCP of corruption. In the course of the Note Litigation, the Superior Court entered injunctions prohibiting the defendants from foreclosing on the DRL Deeds of Trust and the 423 Kennedy Deeds of Trust. Following the entry of these injunctions, the parties to the Note Litigation agreed to mediate before a retired Superior Court judge. During the course of two formal

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

mediation sessions, certain potential resolutions were discussed whereby 423 Kennedy and/or DRL would release claims in exchange for participating in a share of loan profits. As part of the aforesaid negotiations, WCP introduced the idea of transferring certain promissory notes into a so-called "special purpose entity," so ownership interests in the negotiable instruments could be ultimately divided pursuant to a settlement agreement without (i) having to sever the notes themselves into multiple pieces; and/or (ii) needing to offer DRL and/or 423 Kennedy an ownership interest in WCP or any of its co-defendants. Shortly after the conclusion of the second mediation session , and consistent with those discussions, the Debtor was formed as that "special purpose entity." The Note Litigation is still pending in the Superior Court.

iv. The Debtor's Business Operations

Following its formation, the Debtor needed funds to engage counsel and to operate, with the expectation the Debtor would be joined in the Note Litigation. To procure such funds, the Debtor borrowed $50,000.00 from Shaheen Sariri ("Mr. Sariri"). At the time the loan was made, Mr. Sariri was advised that the Debtor may use part or all of the loan proceeds to engage counsel, including the potential engagement of insolvency counsel. A portion of the loan proceeds were transferred to the IOLTA account of The VerStandig Law Firm, LLC (VLF"), WCP's litigation counsel, to be held pending VLF's anticipated engagement to represent the Debtor in the litigation. The Debtor loaned the remaining proceeds to Energy Morocco LLC ("EM"), an unrelated third party, in an effort to make a profit from interest on the loan. The funds that were

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

deposited with VLF were subsequently transferred to Wolff & Orenstein, LLC ("W&O") as a retainer in the Debtor's prior bankruptcy case and were consumed in that bankruptcy case. The loan from EM has come due, but has not yet been paid. The Debtor has made demand upon EM for payment of the amounts due. Until the amounts due are collected, the Debtor does not have available funds to make additional loans at this time and required a capital contribution from WCP in order to fund the retainer for the present bankruptcy case.

B. The Motion to Dismiss

On June 23, 2025, DRL and 423 Kennedy filed a Motion to dismiss this Chapter 11 case (the "Dismissal Motion") A hearing on the Dismissal Motion has been set for July 30, 2025 and a response to the Dismissal Motion is due on or before July 25, 2025. At the Debtor's Section 341 meeting that was conducted on June 30, 2025, counsel for the Movants indicated his intention to conduct discovery, presumably in connection with the Dismissal Motion. To date, no discovery has been served.

C. The Debtor's Adversary Proceeding

On May 28, 2025, the Debtor, along with WCP, SF NU, and Russell Drazin, filed its own Complaint against DRL and 423 Kennedy to initiate Adversary Proceeding No. 25-10015-ELG (the "Adversary Proceeding"). As addressed in more detail below, the Debtor's Plan will primarily provide for repayment to creditors from the proceeds of the Notes that it holds. Thus, the more it is able to collect from DLR and 423 Kennedy, the more it will be able to pay its own

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

creditors. DLR and 423 Kennedy have asserted that the Debtor is not the proper holder of the Notes that evidence the indebtedness from those parties. For the Debtor to effectively reorganize, the Debtor (i) must establish that it properly holds both promissory notes, with all attendant rights under the correlative deeds of trust; (ii) must establish that neither promissory note is burdened by any claims for setoff; (iii) and must remove the cloud placed upon the quality and enforceability of these debt instruments. It is for this reason that, seeking relief under 11 U.S.C. § 542 of the Bankruptcy Code and other equitable relief, the Debtor filed the Complaint to initiate the Adversary Proceeding. The Court issued its Summons on May 29, 2025, and the Summons and Complaint were duly served. With the deadline for filing an Answer coming due, DRL and 423 Kennedy filed a Motion to stay the Adversary Proceeding. That motion remains pending before the Court. .

2. Secured Claims.

There are no secured claims against the Debtor.

3. Type of Plan of Reorganization. The Debtor intends to pursue the following type of plan of reorganization in this case:

____ Consensual ____ Nonconsensual[1] _X_ Undetermined

[1] The term "nonconsensual plan" for purposes of this report means a plan confirmed under § 1191(b) of the Bankruptcy Code. It is the Debtor's desire to propose and confirm a Plan that will be consensual, but for reasons discussed above, the Debtor does not yet know whether that will be feasible.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

4. Reasons the Debtor Cannot Determine Whether Plan Will be Consensual.

The issue of whether the Debtor's Plan will be consensual or nonconsensual will largely be dependent upon whether DRL and/or 423 Kennedy assert affirmative claims against the Debtor. There is no dispute that Mr. Sariri holds a claim against the Debtor that will be an allowed claim. It is less certain whether either DRL or 423 Kennedy will be determined to have allowed claims against the Debtor and, in fact, the Debtor has scheduled those potential liabilities as disputed in its Schedule E/F. If DRL and 423 Kennedy are determined not to have allowed claims, the Debtor anticipates its Plan will be a consensual Plan. If they are determined to hold allowed claims, it is less certain that the Debtor's Plan will be a consensual Plan.

5. Communications with Parties in Interest.

Since the inception of the case, the Debtor, through counsel, has had multiple communications with the Subchapter V Trustee, and counsel for the UST and Mr. Sariri. While there have been some general discussions about the Debtor's anticipated proposed Plan at the Debtor's Section 341 Meeting and IDI, specific communications regarding the terms of the Debtor's forthcoming plan have not yet occurred. It is anticipated that the Plan will be substantially similar to the Plan that was filed in its prior case.

6. Nature of Communications with Parties in Interest.

See above.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

7. Efforts to Formulate Plan of Reorganization.

As with its Plan in the prior case, the Debtor's Plan is not likely to be complicated. The Debtor will continue to attempt to collect the amounts due under the EM Note and will pay its expenses in the ordinary course. If litigation is required to recover the amounts due from EM, the Debtor will pursue that litigation. The Debtor's ability to make payments to its other creditors from other sources will largely be dependent upon its ability to collect the amounts due under the DRL Notes and the Kennedy Notes (collectively the "Notes") and, in large part, the resolution of the Note Litigation. The Debtor anticipates filing a Plan that will provide for holders of allowed claims against the Debtor to be paid from its collection of the amounts due under the EM Note and the remaining two Notes. The Debtor is considering alternatives in the event that it is not successful in the Note Litigation.

8. Timing for Filing Plan of Reorganization. Does the Debtor intend to file a plan of reorganization within the 90-day deadline imposed by § 1189(b) of the Bankruptcy Code?

__X__ Yes ____ No

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

9. Administrative Expenses[2].

The Debtor anticipates that the estate will incur the following administrative expenses during the pendency of this case.

Total Amount for Debtor's Counsel's Fees and Expenses: $25,000.00

Total Amount for Debtor's Special Counsel's Fees and Expenses: $30,000.00

Total Amount for Subchapter V Trustee's Fees and Expenses: $15,000.00

Total Amount of Other Administrative Expense Claims: $0

Proposed Monthly Escrow Payment: t/b/d

10. Additional Information.

None at this time.

Respectfully submitted,

[signature on following page]

[2] The amounts set forth herein are necessarily based upon the best estimates available given the current status of the contested matters that are described above and that are anticipated depending upon the resolution of the pending Motion to Dismiss. They are not intended to establish limits and are merely estimates based upon the Debtor's prior experience in cases of this nature.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#428335)
Wolff, & Orenstein, LLC
15245 Shady Grove Road
North Lobby, Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com

Attorneys for JPK NewCo, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 9th day of July, 2025, a copy of the foregoing was sent via the Court's CM/ECF system to:

Kristen S. Eustis, Esq.
Office of the United States Trustee
1725 Duke Street,
Suite 650
Alexandria, VA 22314
Kristen.S.Eustis@usdoj.gov

Stephen A. Metz, Subchapter V Trustee
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
smetz@offitkurman.com

Kristen E. Burgers, Esq.
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102
kburgers@hirschlerlaw.com

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

Maurice Belmont VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mbvesq.com

James D. Sadowski, Esq.
Greenstein Delorme & Luchs, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
jds@gdllaw.com

\s\ Jeffrey M. Orenstein
Jeffrey M. Orenstein

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC