IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>JPK NEWCO, LLC,<br><br>   *Debtor*. | Case No.: 25-00200-ELG<br>Chapter 11<br>Judge:  Elizabeth L. Gunn |

## DEVELOPER RE1, LLC'S AND 423 KENNEDY ST HOLDINGS, LLC'S OBJECTION TO SUBCHAPTER V DESIGNATION

Developer RE1, LLC ("RE1") and 423 Kennedy St Holdings, LLC ("423 Kennedy") (collectively the "Borrowers"), each a party-in-interest in this case, by counsel, file this Objection to Subchapter V Designation of JPK NewCo, LLC ("Debtor").  In support of this objection, the Borrowers state as follows:

1.    The Debtor, which is not a legitimate business, sought bankruptcy protection for the purposes of delaying civil litigation pending in the D.C. Superior Court filed by the Borrowers against the Debtor's two owners and its related company and individuals:  the WCP Fund I, LLC ("WCP Fund"), DP Capital, LLC d/b/a Washington Capital Partners ("WCP"), Daniel Huertas ("Mr. Huertas"), Russell Drazin ("Mr. Drazin"), and SF NU LLC ("SF NU").

2.    The petition indicates that the Debtor is a "small business debtor" that chooses to proceed under Subchapter V of Chapter 11.  *See* Petition (ECF # 1) at p. 2, Section 8.

3.    The Debtor was formed well after the D.C. Superior Court cases were filed. Since its formation, the Debtor has conducted no legitimate business activities.  *See* Mot. to Dismiss ¶¶ 84-98.  The Debtor has no employees, it generates no income from sales, it produces no goods, and it provides no services.  *See id.*

1

4. The Debtor's principal place of business is the WCP's offices in McLean, Virginia, an address that is shared with the WCP Fund and where Mr. Huertas' office is located. *See id.* ¶ 85. Until April 15, 2024, the Debtor existed as a shell entity. *See id.*

5. To qualify to proceed under Subchapter V of Chapter 11 of the United States Code, a debtor must: (1) be a "person" under the bankruptcy code; (2) be a "small business debtor"; (3) have an aggregate debt exceeding $7,500.00 on the petition date; and (4) at least 50% of the debtor's debt arose from commercial or business activities. *See In re GCPS Holdings, LLC*, 2024 Bankr. LEXIS 2832 at *4 (Tex. South. Bankr. Ct. 2024).

6. When determining whether a debtor has been engaged in a "commercial or business activity," several courts have employed a "totality of the circumstances" approach. *See id.*; *see also In re Ikalowych*, 629 B.R. 261, 283 (Colo. Bankr. Ct., 2001).

7. In appropriate situations based upon a totality of the circumstances, a court can revoke a debtor's election to proceed under Subchapter V, even when the revocation is not specifically provided for in the bankruptcy code. *See In re Nat'l Small Bus. Alliance*, 642 B.R. 345, 348 (D.C. Bankr. Ct., 2022). Business operations that can satisfy the "totality of the circumstances" test can include: (1) having a lease and maintaining a facility; (2) maintaining bank accounts; (3) continued attempts to generate business; (4) providing marketing materials for potential investors; and (5) employing attorneys to protect intellectual property rights and business-related matters. *See In re GLCPS Holdings, LLC, supra* at 7-8.

8. For many of the reasons set forth in Borrowers' Motion to Dismiss Chapter 11 Petition Filed in Bad Faith (ECF # 19), which is incorporated by reference, and as follows, the Borrowers object to the Subchapter V designation by the Debtor. *See, e.g.*, Mot. to Dismiss ¶¶ 84-98.

9. The Debtor has no employees, it does not maintain its own facilities, and its only business activity – a loan the Energy Morrocco, LLC -- exists solely to create the appearance that the Debtor is carrying on some type of legitimate business activity.

10. Here, the Debtor is not "engaged in" any business. There never has been a legitimate business. The Debtor had no "commercial or business activities" other than a single loan to a single creditor that was a sham transaction made by the Debtor to appear that is was engaging in commercial business activities so as to be later become eligible to invoke Subchapter V.

11. At the meeting of creditors in this case, Mr. Huertas testified that the Debtor was "in the business of doing lending". *See* Ex. 1, page 6, lines 11-12 (transcript from the June 30, 2025 meeting of creditors). When asked if the Debtor had any other loans, Mr. Huertas confirmed that it had no other loans. *Id.* p. 40, lines 2-5. *See* snip below:

```
13         MR. SADOWSKI:  Is that the only business that JPK
14    NewCo conducted since inception?  One loan to one customer?
15         MR. HUERTAS:  That's correct.
```

12. The Debtor was never capitalized by its owners (the WCP Fund and SF NU). The under-capitalization of the Debtor was also by design so the Debtor would be insolvent from the get go -- and not be able to loan any money without first borrowing money that the Debtor knew it had no ability to pay.

13. The Debtor only had funds to lend by borrowing money from Mr. Shaheen Sariri, a personal friend of Mr. Huertas. The Debtor knew that there would be no revenue generated to pay back the loan to Mr. Sariri. This was also by design. The unpaid loan to Mr. Sariri would

later be used by the Debtor to claim that it needed to reorganize its sham "lending business" to pay Mr. Sariri.

14. The Debtor confirmed at the meeting of creditors that: it has no employees; it has no lease; it is located in the same office space as the WCP and the WCP Fund; it does not pay any rent; it does not have any day-to-day operations; its books and records are maintained by an employee of the WCP; and it has generated no income from the loan (or any other activity).

15. The only transaction that Debtor engaged in, allegedly as a legitimate "lending business", was the loan to Energy Morrocco, LLC. That transaction was entered into to give the Debtor the false appearance of carrying on some type of legitimate commercial business activity.

16. When an objection is lodged to proceeding under Subchapter V, the burden of proof is on the Debtor to prove eligibility to proceed thereunder. *In re Johnson,* 2021 Bankr. LEXIS at *10 (Bankr. N.D. Tex. 2021) (citing *In re City of Bridgeport,* 129 B.R. 332, 334 (Bankr. D. Conn. 1991) (burden of proof with respect to eligibility under a particular chapter of the Bankruptcy Code rests with the party claiming the existence of such eligibility.).

17. The purpose behind Subchapter V is not served here. As the *Johnson* court pointed out, the legislative history behind Subchapter V was to facilitate small business reorganizations "as going concerns."

> In this regard, section 101(51D) is designed to identify those debtors who are in particular need of the benefits of small business debtor treatment, benefits that are largely designed to facilitate expediency and minimize cost. Such benefits are essential to the ability of a small business *that is currently occupied with/busy in commercial or business activities* to successfully reorganize as a going concern. They are not essential to a small business that is no longer occupied with/busy in any commercial or business activities.

*Johnson*, 2021 Bankr. LEXIS at *15-16 (italic emphasis added).

18. The *Johnson* court continued by citing the legislative history behind the statute:

4

> Notwithstanding the 2005 Amendment[to the Bankruptcy Code that first introduced the small business debtor chapter 11 provisions], small business chapter 11 cases continue to encounter difficulty in successfully reorganizing…[T]he [SBRA] legislation allows these debtors "to file bankruptcy in a timely, cost-effective manner, and hopefully allows them to remain in business" which "not only benefits the owners, but employees, suppliers, customers, and others who rely on that business."

*Id.* \* 16 (citing H.R. Rep. No. 116-171, 116th Cong., 1st Sess. (2019).

19.     The Debtor has no going business concerns here – it is merely the alter ego of the WCP Fund, SF NU, and/or the WCP.

20.     The Debtor has no employees, it has no suppliers, it has no customers – or anyone else that relies on its business – excepting only the wizards behind the curtain of this sham company: the WCP Fund, the WCP, and Mr. Huertas. These persons are abusing the bankruptcy court process in order to delay claims filed against them in the D.C. Superior, and to use the Debtor and this court as a substitute debt collection court for a state court.

WHEREFORE, the Borrowers object to the Subchapter V designation of the Debtor in this proceeding because the Debtor does not qualify to proceed under Subchapter V due to its lack of conducting any legitimate commercial or business activity. The Borrowers respectfully request that this Court deny the Debtor's election to proceed under Subchapter V. Because it is almost certain that the Debtor will contest this objection, the Borrowers will likely be serving written discovery requests under Rule 9014. The Borrowers also request that a scheduling order be entered to allow for the taking of depositions, to set other discovery deadlines, and to schedule an evidentiary hearing pursuant to Rule 9014(e).

8161\0002\4918-1468-8857.v1

                                                    Respectfully submitted,

                                                    GREENSTEIN DELORME & LUCHS, P.C.

Dated:  August 1, 2025                          /s/ James D. Sadowski
                                                    James D. Sadowski, VSB No. 38326
                                                    801 17th Street, N.W., Suite 1000
                                                    Washington, D.C.  20006
                                                    Phone:  (202) 452-1400; Fax: (202) 452-1410
                                                    Email:  jds@gdllaw.com
                                                    *Counsel for Developer RE1, LLC and 423*
                                                    *Kennedy St Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of August, 2025, a true copy of the foregoing Objection to Subchapter V Designation was served electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

                                                    /s/ James D. Sadowski
                                                    James D. Sadowski