**KUTAK ROCK LLP**
Jeremy S. Williams (DC 994825)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
*Co-Counsel for Developer RE1, LLC and*
*423 Kennedy St Holdings, LLC*

**GREENSTEIN DELORME & LUCHS, P.C.**
James D. Sadowski (VSB No. 38326)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| JPK NEWCO, LLC, | ) Case No. 25-00200 (ELG) |
| | ) |
| Debtor. | ) Subchapter V |
| | ) |

**MOTION OF DEVELOPER RE1, LLC AND**
**423 KENNEDY ST HOLDINGS, LLC TO (I) SUSPEND CONFIRMATION**
**DEADLINES; AND (II) ADJOURN OBJECTION TO SUBCHAPTER V DESIGNATION**

Developer RE1, LLC and 423 Kennedy St Holdings, LLC (collectively, the "Claimants"), by counsel, hereby move this Court for entry of an order, substantially in the form of **Exhibit A** attached hereto, (i) amending the *Scheduling Order* [Dkt. No. 32] (the "Scheduling Order") which governs certain deadlines in connection with the confirmation of the *Debtor's Chapter 11, Subchapter V Plan of Reorganization* [Dkt. No. 31] (the "Plan") filed by JPK NewCo, LLC ("JPK"); and (ii) to adjourning the hearing on *Developer RE1, LLC's and 423 Kennedy St Holdings, LLC's Objection to Subchapter V Designation* [Dkt. No. 42] (the "Designation Objection"). In support for the requested relief, the Claimants state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Columbia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, Bankruptcy Rule 9013, and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia.

## Background

4. The factual and procedural background is well known to this Court from certain prior cases and is hereby incorporated by reference.[1] Additional background is available in the *Motion to Dismiss Chapter 11 Petition Filed In Bad Faith* [Dkt. No. 19] and the *Motion of Developer RE1, LLC's and 423 Kennedy St Holdings, LLC for Abstention and to Dismiss or Stay Proceedings* [Dkt. No. 48] (the "Abstention Motion").

5. On May 27, 2025, JPK initiated the above-captioned proceeding under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Bankruptcy") after its prior bankruptcy case was dismissed. [Case No. 24-00262; Dkt. No. 85]. Almost immediately, thereafter, JPK, among others initiated an adversary proceeding against the Claimants [Adv. Proc. No. 25-10015] (the "Adversary") which Adversary is premised on the exact same issues which are currently before the D.C. Superior Court in two-related actions (the "Consolidated Superior Court Cases").

6. JPK has made it clear that the purpose of this Bankruptcy is singular - get the Consolidated Superior Court Cases out of the D.C. Superior Court and into the hands of another court, preferably this one.

7. On June 23, 2025, in opposition to JPK's litigation scheme, the Claimants filed *Developer RE1, LLC's and 423 Kennedy St Holdings, LLC's Motion to Dismiss Chapter 11 Petition Filed in Bad Faith* [Dkt. No. 19] (the "Motion to Dismiss").

---

[1] *See* Case No. 24-00262-ELG and Adv. Proc. No. 24-10023-ELG.

8. In addition, because the issues raised in the Adversary seek to strip the D.C. Superior Court of its jurisdiction over the Consolidated Superior Court Cases, the Claimants filed the *Defendants' Motion to Stay and to Suspend All Deadlines* [Adv. Proc. No. 25-10015; Dkt. No. 5) (the "Stay Motion").

9. On August 1, 2025, because JPK has seemingly acknowledged that it was created for and exists solely to protect WCP Fund I LLC, has no other business operations and is merely a tool for obtaining bankruptcy jurisdiction, the Claimants filed the Designation Objection.

10. Despite the fact that the issues raised not only in this Bankruptcy but also the Adversary, can and should be addressed by the D.C. Superior Court. And despite the fact that JPK has no direct threat or business operations that require an immediate restructuring, JPK has nonetheless sought to cut off the rights of the Claimants and has forged ahead with its Plan and the Adversary.

11. The litigation tactics of JPK include the unilateral scheduling of the Designation Motion for hearing, which hearing that was originally scheduled for August 20, 2025 [Dkt. No. 44]. Specifically, JPK filed its objection and notice of hearing a mere three days after the Designation Motion was filed, setting the matter for hearing just over two weeks later. JPK likely knew this amount of time would be insufficient to allow the Claimants to properly prepare for a contested, evidentiary hearing.

12. On August 5, 2025, Kutak Rock LLP first appeared as co-counsel for the Claimants in these cases to assist the Claimants with the pending and anticipated litigation.

13. On August 12, 2025, in connection with the Designation Objection, the Claimants served their initial set of discovery requests on JPK (the "Discovery").

3

14. Because of a previously scheduled conflict and in order to give co-counsel a short window to get up to speed, JPK consented to the adjournment of the hearing on the Designation Objection and the deadline for responding to the Adversary [Dkt. No. 47]. The hearing on the Designation Objection was adjourned to September 3, 2025 and the deadline for filing a response to the Adversary was extended through September 10, 2025.

15. On August 20, 2025, the Claimants filed their Abstention Motion in order to facilitate a hearing on September 3, 2025 as such matter should be addressed before further and unnecessary litigation costs are potentially incurred.

16. To the extent it has not already done so prior to the filing of this Motion, JPK has indicated that it intends to again seek removal of the Consolidated Superior Court Cases to this Court and that it intends to object, either in whole or in part, to the Discovery.

17. If necessary, the Claimants will again ask this Court to abstain from hearing the Consolidated Superior Court Cases and intend to seek to compel the production of responses to the Discovery. The Claimants have or will object to the Plan and vote against the same, setting up a contested confirmation hearing.

18. At this point in time, suspending the deadlines in the Scheduling Order and adjourning the hearing on the Designation Objection are the most practical next steps in this Bankruptcy.

### Requested Relief

19. Forcing the parties into unnecessary litigation at this point in time is neither productive nor necessary. The following contested matters are currently pending before this Court or will likely be pending before this Court in the very near future:

    a) The Motion to Dismiss (awaiting entry of an order);
    b) The Stay Motion (awaiting entry of an order);
    c) The Designation Objection;

4

4920-6062-5251.2

   d) A contested confirmation hearing;
   e) The Abstention Motion;
   f) An abstention motion on the removed or to-be-removed Consolidated Superior Court Cases;
   g) A motion to compel a response to the discovery or motion to limit discovery; and
   h) A responsive pleading to the complaint filed in the Adversary.

(collectively, the "Litigation").

  20. The Litigation is likely to require a substantial amount of time and resources, not only from counsel for the Claimants and JPK, but from this Court. The Litigation will generate numerous additional pleadings, numbering hundreds or thousands of pages and require a substantial amount of time from this Court to resolve.

  21. In an effort to address these issues, the Claimants sought a more global scheduling order in this Bankruptcy that avoided the need for unnecessary filings and allowed the Bankruptcy to proceed in a more logical fashion. A global scheduling order is prudent because JPK does not have any ongoing operations. It merely seeks to collect alleged, outstanding receivables. There are no employees, no threatened foreclosures, no diminishing assets. A short stay of these proceedings to allow the parties to proceed in a more efficient and economical matter is not only appropriate, but there is no prejudice to JPK. It is for these reasons, the Abstention Motion is appropriate.

  22. Regardless, and at a minimum, it does not make sense to move forward with confirmation and the hearing on the Designation Objection, in light of the open issues.

4920-6062-5251.2

A. **The Confirmation Deadlines Should be Suspended**

23. The Confirmation Deadlines should be suspended pending resolution of the Adversary.

24. First, the Abstention Motion should be addressed before anything else. If the requested relief is granted, then all other matters in the Bankruptcy are stayed pending resolution of the Consolidated Superior Court Cases.

25. Second, even if the Abstention Motion is not granted, resolution of the Adversary is or should be a condition precedent to Plan confirmation. As previously noted, the Claimants (and seemingly the U.S. Trustee based on prior pleadings) are of the opinion that the Energy Morocco Note (as defined in the Plan) was fabricated for purposes of this Bankruptcy. Aside from the allegations made in the Adversary and the asserted funds to be generated in connection therewith, the Energy Morocco Note is the only other likely asset of the Debtor and is valued at approximately $26,000. Relatedly, aside from the Claimants, the only other alleged party in interest in these proceedings is Mr. Sariri (as defined in the Plan). It is unclear whether Mr. Sariri is a true creditor or was part of JPK's scheme. Such ambiguity is perpetuated by the claim of Mr. Sariri which contains no exhibits or attachments. *See* Claim No. 3-1. Regardless, resolution of his claim is but a small part of the overall Plan. In contrast, the Adversary will not only determine whether JPK's Plan is feasible vis-à-vis its ability to fund the Plan, but will also determine whether the Claimants are a creditor of JPK and what the extent of the debt is. Furthermore, resolution of the Adversary likely expedites confirmation as either the Claimants will get their share of the Energy Morocco Note if they are deemed a creditor or they will be obligated to fund the Plan. In addition, the Plan makes certain assumptions for administrative expenses among other things.

4920-6062-5251.2

Those estimates will likely multiply substantially depending on how the Adversary proceeds. Having clarity on these issues first by resolving the Adversary makes the most sense.

26. Given that every component of the Plan hinges almost entirely on the outcome of the Adversary, the deadlines in the Plan should be suspended pending a resolution of the same.

27. Last, if an appeal is taken on the Motion to Dismiss (once the order is presumably submitted and entered), then a contested confirmation hearing becomes moot.

28. Resolution of these preliminary matters before proceeding with a confirmation hearing that could ultimately be mooted by other occurrences, is prudent. JPK suffers no prejudice from the same and with such relief the Court and the parties can properly allocate their resources and proceed in the most efficient manner.

B.     **The Court Should Adjourn the Designation Objection Hearing**

29. The hearing on the Designation Objection cannot proceed at this time. First, the Discovery was timely issued and is outstanding, JPK has not yet responded, and this Court will likely have to rule on a request to compel. JPK seemingly attempted to set a hearing date prior to any response deadline for the Discovery. Such efforts have cut off the rights of the Claimants. The initial hearing date was scheduled unilaterally and was extended only for a short period of time, with all rights reserved, because of a conflict. Under Rule 9014 of the Federal Rules of Bankruptcy Procedure, the Claimants are entitled to conduct discovery on the Designation Motion. If JPK disputes such right, then it should file a motion and ask this Court to grant the requisite relief. *See In re Ascentra Holdings, Inc.*, 657 B.R. 339 (Bankr. S.D.N.Y. 2023) (finding that discovery is permitted in connection with a contested matter and "fairness dictates allowing [the movant] a reasonable opportunity to develop predicate facts supporting its legal contentions in contested matters to which it is a party . . .."). If JPK simply objects to the Discovery, then the

7

Court will need to resolve the same through a forthcoming motion to compel. Regardless, the Court should not proceed with a hearing on the Designation Objection while the Discovery is outstanding.

## Conclusion

30. For the reasons set forth in the Abstention Motion, the Bankruptcy should be stayed while the legal issues in this two-party dispute are resolved, either in D.C. Superior Court or elsewhere. Regardless though, the immediate concerns facing the parties are the prudency of proceeding with confirmation for a Plan that could be totally upended by the pending litigation and proceeding with the Designation Objection which has discovery outstanding. To the extent JPK argues to the contrary, it does so solely as a litigation tactic to force the hand of the Claimants and to cause the Claimants to incur unnecessary fees and to cause this Court to expend unnecessary resources. There is no prejudice to the JPK if the Court grants the relief requested herein. In contrast, it makes a great deal of sense that this Bankruptcy should proceed in an orderly fashion. That is all the Claimants are asking for, that is what the Motion seeks and that is the most logical approach.

WHEREFORE, the Claimants request that the Court (i) suspend the deadlines set forth in the Scheduling Order pending further order of the Court; (ii) that the hearing on the Qualification Objection be adjourned for a reasonable amount of time to permit resolution of any potential Discovery dispute, and (iii) that the Court grant such other and further relief as is deemed just and proper.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: August 29, 2025 | **DEVELOPER RE1, LLC AND**<br>**423 KENNEDY ST HOLDINGS, LLC,** |
| | /s/ *Jeremy S. Williams*<br>Jeremy S. Williams (DC 994825)<br>KUTAK ROCK LLP<br>1021 East Cary Street, Suite 810<br>Richmond, Virginia 23219<br>Telephone: (804) 644-1700<br>Facsimile: (804) 783-6192<br>Email: jeremy.williams@kutakrock.com |
| | and |
| | James D. Sadowski (VSB No. 38326)<br>GREENSTEIN DELORME & LUCHS, P.C.<br>801 17th Street, N.W., Suite 1000<br>Washington, D.C. 20006<br>Phone: (202) 452-1400<br>Fax: (202) 452-1410<br>Email: jds@gdllaw.com |
| | *Co-Counsel for Developer RE1, LLC and 423 Kennedy St Holdings, LLC* |

## CERTIFICATE OF SERVICE

Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that on August 20, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system to all necessary parties.

/s/ *Jeremy S. Williams*
Counsel

9

4920-6062-5251.2

## **EXHIBIT A**

4920-6062-5251.2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>JPK NEWCO, LLC,<br><br>Debtor. | )<br>) Chapter 11<br>)<br>) Case No. 25-00200 (ELG)<br>)<br>) Subchapter V<br>) |

**ORDER GRANTING MOTION OF DEVELOPER RE1, LLC AND**
**423 KENNEDY ST HOLDINGS, LLC TO (I) SUSPEND CONFIRMATION**
**DEADLINES; AND (II) ADJOURN OBJECTION TO SUBCHAPTER V DESIGNATION**

THIS MATTER comes before the Court upon the *Motion of Developer RE1, LLC and 423 Kennedy St Holdings, LLC to (I) Suspend Confirmation Deadlines; and (II) Adjourn Objection to Subchapter V Designation* (the "Motion"),[2] filed by Developer RE1, LLC and 423 Kennedy St Holdings, LLC (collectively, the "Claimants") seeking an order: (i) amending the *Scheduling Order* [Dkt. No. 32] (the "Scheduling Order") which governs certain deadlines in connection with the confirmation of the *Debtor's Chapter 11, Subchapter V Plan of Reorganization* [Dkt. No. 31] (the "Plan") filed by JPK NewCo, LLC ("JPK"); and (ii) to adjourning the hearing on *Developer RE1, LLC's and 423 Kennedy St Holdings, LLC's Objection to Subchapter V Designation* [Dkt. No. 42] (the "Designation Objection"). It appearing that the Motion was properly served upon all entities, that notice was appropriate under the circumstances, and that good cause exists

---

[2] Capitalized terms not otherwise defined herein shall be ascribed the meaning set forth in the Motion.

4920-6062-5251.2

as set forth in the Motion and as stated at the hearing held in connection with the Motion, **IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is hereby granted.

2. The deadlines set forth in the Scheduling Order are hereby suspended pending further order of the Court.

3. The hearing on the Designation Objection is continued until _____, 2025 at _____. JPK is ordered to submit to Claimants, its objection to the Discovery, if any, or file its request to limit the Discovery, on or before September 11, 2025. The Claimants shall file an objection or motion to compel in response thereto, on or before September 18, 2025. A hearing will be held in connection therewith on _____, 2025 at _____.

4. The Court retains jurisdiction to resolve all matters arising in connection with this Order.

5. No further service of this Order is required because counsel for all necessary parties shall be served via the Court's ECF system.

4920-6062-5251.2

Order submitted by:

/s/ *Jeremy S. Williams*
**KUTAK ROCK LLP**
Jeremy S. Williams (DC 994825)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Email: jeremy.williams@kutakrock.com

and

**GREENSTEIN DELORME & LUCHS, P.C.**
James D. Sadowski (VSB No. 38326)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410
Email: jds@gdllaw.com

*Co-Counsel for Developer RE1, LLC and*
*423 Kennedy St Holdings, LLC*

4920-6062-5251.2