**KUTAK ROCK LLP**
Jeremy S. Williams (DC 994825)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Phone: (804) 644-1700; Fax: (804) 783-6192
*Co-Counsel for Developer RE1, LLC and
423 Kennedy St Holdings, LLC*

**GREENSTEIN DELORME & LUCHS, P.C.**
James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax: (202) 452-1410

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In Re:

JPK NEWCO, LLC,

    *Debtor*.

Case No.:  25-00200-ELG
Chapter 11

## MOTION FOR LEAVE TO FILE APPEAL OF AN INTERLOCUTORY ORDER

### INTRODUCTION

Developer RE1, LLC ("RE1") and 423 Kennedy St Holdings, LLC ("423 Kennedy") (collectively the "Movants"), have filed a Notice of Appeal of the Order Denying Movants' Motion to Dismiss Chapter 11 Petition Filed in Bad Faith (the "Order Denying Motion to Dismiss," a copy of which is appended hereto as **Exhibit 1**) entered on September 2, 2025 by the U.S. Bankruptcy Court for the District of Columbia (the "Bankruptcy Court").  The Movants request that the Court exercise its discretion to grant an interlocutory appeal of the Order Denying Motion to Dismiss pursuant to 28 U.S.C. §158(c)(3).  The Bankruptcy Court erred by denying the Movants the fundamental right to take discovery in a contested matter under Rule 9014.

<u>**MEMORANDUM OF LAW**</u>

I.   <u>**Background of the Bankruptcy Cases, the Parties, and the Debtor's Attempt to Misuse the Bankruptcy Process to Avoid Pending State Court Litigation.**</u>

A.   <u>The Bankruptcy Cases.</u>

On May 27, 2025, JPK NewCo (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.  This was the second bankruptcy case involving the Debtor that was filed in the span of less than one year.  In July of 2024, the Debtor was the subject of an involuntary bankruptcy petition that the U.S. Trustee's office moved to dismiss as a bad faith filing.  *See In Re: JPK NewCo, LLC,* Case No. 24-00262-ELG ("*JPK NewCo I*"), ECF # 37.  In *JPK NewCo I,* the Bankruptcy Court issued a Scheduling Order permitting discovery and setting an evidentiary hearing on the US Trustee's motion to dismiss.  Before the U.S. Trustee's Office's motion to dismiss was decided, however, the Debtor and the U.S. Trustee's office signed off on a consent order dismissing *JPK NewCo I* based upon the Debtor's failure to pay fees to the U.S. Trustee's office.

B.   <u>The Movants and the State Court Litigations.</u>

The Movants are sole-purpose limited liability companies that were formed to develop different real estate projects in the District.  RE1 is the record owner of real property in the District known as 5501 1st Street, N.W., Lot 138, Square 3389 (the "RE1 Property").  423 Kennedy is the record owner of real property in the District known as 423 Kennedy Street, N.W., Lot 56, Square 3260 (the "423 Property" and together with the RE1 Property, the "Properties").  Both Properties were financed through loans with a hard money lender named the WCP Fund I, LLC (the "WCP Fund").  The WCP Fund is controlled by Washington Capital Partners, the trade name used by DP Capital, LLC (the "WCP").  The WCP Fund and the WCP are controlled by Daniel Huertas.  The loans from the WCP Fund to the Movants were secured by a first promissory note, second

2

promissory note, first deed of trust, and second deed of trust for each of the respective Properties. The second promissory notes for each of the Properties will hereinafter be referred to as the "Second Notes". The Trustee under the deeds of trust is Russell Drazin. For convenience, the WCP Fund, the WCP, Mr. Drazin, and Mr. Huertas will be referred to as the "Lender Defendants."

After the WCP Fund improperly asserted in December 2022 that the loans were in default, and later tried to foreclose on the Properties, the Movants filed separate lawsuits against the Lender Defendants in the D.C. Superior Court in the cases known as *423 Kennedy St Holdings, LLC v. The WCP Fund, et al.,* Case No. 2023-CAB-004260 (D.C. Super. Ct.) and *Developer RE1, LLC v. the WCP Fund I, LLC, et al.,* 2022-CAB-005935 (D.C. Super Ct.). In both state court cases the Movants sought and obtained temporary restraining orders that prohibited the Lender Defendants from foreclosing on the Properties until after the Movants lender liability claims were decided. The two cases were consolidated in June of 2024 (hereinafter the "Consolidated Superior Court Cases")

C. The Debtor's Formation -- and Its Attempt to Avoid State Court Litigation -- via the DC Version of a "Texas Two-Step"[1].

The Debtor entity was created not for purposes of restructuring a debtor in need of the benefits of the Bankruptcy Code, but solely to create bankruptcy jurisdiction. Well into the pendency of the Consolidated Superior Court Cases, on or around April 15-26, 2024, and unbeknownst to the Movants, the Lender Defendants arranged for the Second Notes to be transferred to the Debtor. The WCP Fund then schemed to put the Debtor into bankruptcy not once, but twice. Once in bankruptcy, the WCP Fund then bootstrapped the Consolidated Superior Court Cases into the Bankruptcy Court's jurisdiction via the Debtor. The WCP Fund and the

---

[1] "Texas Two-Step" cases involve an existing company creating a separate entity in order to gain access to benefits only available in bankruptcy court. *See In re Bestwall LLC*, 658 B.R. 348 at FN 29 (Bankr. W.D.N.C. 2024).

3

Debtor engaged in all these things for the improper purpose of: (a) delaying a trial on the Movants'
claims in D.C. Superior Court and hindering their ability to pursue their claims in their chosen
jurisdiction; and (b) permitting the Lender Defendants to relitigate prior decisions from the D.C.
Superior Court in the Bankruptcy Court – a Court that they consider to be their "home court."

## II.    The Motion to Dismiss Chapter 11 Petition Filed in Bad Faith.

On June 23, 2025, the Movants filed the Motion to Dismiss for Bad Faith (ECF No. 19).
On July 23, 2025, WCP Fund I filed an Opposition (ECF No. 29), and on July 24, 2025, the Debtor
also filed an Opposition (ECF No. 30).  The Bankruptcy Court heard oral argument on the Motion
to Dismiss for Bad Faith from the parties on July 30, 2025 and July 31, 2025 (the "Hearing").  On
September 2, 2025, the Bankruptcy Court issued its Order Denying the Motion to Dismiss.  The
Order Denying the Motion to Dismiss did not contain any written findings of fact and conclusions
of law, however, the Bankruptcy Court reserved the right to supplement its oral ruling with such
findings.  *See* Ex. 1.

During the oral ruling, the Bankruptcy Court noted that there is no binding authority on the
Bankruptcy Court as to the appropriate standard for motion to dismiss for bad faith.  Accordingly,
the Bankruptcy Court determined that it would implement the dual analysis of objective futility
and subjective bad faith used in *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989), in deciding
whether to dismiss or convert a Chapter 11 case.  The Bankruptcy Court stated that both objective
futility and subjective bad faith must be satisfied to dismiss the case for bad faith.  Without
accepting any evidence, the Court reasoned that because the Debtor had satisfied the objective
requirements for a voluntary petition, then subjective bad faith was irrelevant under *Carolin Corp.*
The Bankruptcy Court determined that because it believed there was no objective futility, it need
not reach the issue of subjective bad faith.  As a result, the Bankruptcy Court prohibited the

Movants from conducting any discovery related to their motion to dismiss. This decision unfairly restricted the Movants from developing additional facts to support their motion.

The Bankruptcy Court also seemingly ignored the fact that the Debtor was not a legitimate company that needed to reorganize but was organized instead for the sole purpose of creating bankruptcy jurisdiction, which is evidence of objective futility.   The Bankruptcy Court also improperly interpreted *Carolin Corp.* by shutting down the Movants' rights to conduct discovery with respect to either subjective bad faith or objective bad faith, which is directly contrary to the *Carolin Corp.* decision.  In contrast to the Bankruptcy Court's ruling, the *Carolin Corp.* decision specifically held that:

> At the outset we note that though *separate inquiries into each [subjective and objective bad faith] are required, proof inevitably will overlap.  Evidence of subjective bad faith in filing may tend to prove objective futility, and vice versa.* Indeed it could be that some of the courts ostensibly holding that dismissal is warranted upon a finding of either have considered that proof of either implicitly proves both. [citation omitted].  We also note preliminarily that despite widespread judicial acceptance and application of the good faith filing requirement, *no generally accepted proof requirements have emerged . . .*  Instead, courts have relied upon various "indicia" and "recurring patterns" of conduct *thought to suggest either or both subjective bad faith and/or objective futility.*

*Carolin Corp.*, 886 F.2d at 701 (citing *In re Victory Constr. Co.*, 42 B.R. 145, 149 (Bankr.C.D.Cal. 1984) (*Victory IV*) (deploring absence of guiding principles) and *In re Little Creek Dev. Co.*, 779 F.2d 1068 at 1072-73 (5th Cir. 1986) (italic emphasis added).

The Bankruptcy Court also failed to explain why the Movants were denied any discovery when full-blown discovery rights were granted, and an evidentiary hearing was scheduled, after the U.S. Trustee's office raised identical issues of bad faith regarding the Debtor related to the filing of an involuntary petition in *JPK NewCo I.*

III.    **Statement of the Questions and of the Relief Sought.**

Movants seek an immediate appeal of the Order Denying the Motion to Dismiss.  The
Movants' acknowledge that the Order Denying the Motion to Dismiss and related orders are
generally treated as interlocutory in nature.  *Bauer v. Commerce Union Bank,* 859 F.2d 438, 440
(6th Cir. 1988) (citations omitted); *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322 (10th Cir. 1978).
The resolution of the Order Denying the Motion to Dismiss is nonetheless essential to resolution
of the proceedings and Movants request an immediate appeal pursuant to 28 U.S.C. § 158(c)(3) to
seek reversal of the relief granted in the Order Denying the Motion to Dismiss.

IV.    **Statement of the Reasons Why the Right to Appeal Should be Granted Pursuant
to 28 U.S.C. § 158(c)(3).**

In determining whether to grant leave to appeal an interlocutory order of bankruptcy courts
pursuant to 28 U.S.C. § 158(c)(3), the district courts have applied the standards under 28 U.S.C. §
1292(b). *Herrington v. Swyter (In re Swyter)*, 263 B.R. 742, 748 749 (E.D. Va. 2001) (Ellis, J.);
*KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000)
(Spencer,  J.) *citing Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996); *see
also Americare Health Group, Inc. v. Melillo*, 223 B.R. 70, 73 74 (E.D.N.Y. 1998) (citations
omitted); *Trustee of Jartan, Inc. v. Winston & Strawn*, 208 B.R. 898, 901 02 (N.D. Ill. 1997); *North
Fork Bank v. Abelson*, 207 B.R. 382, 387 (E.D.N.Y. 1997) (citations omitted).

Pursuant to § 1292(b), an interlocutory appeal may be granted when (i) the order appealed
from involves a controlling question of law; (ii) as to which there is substantial ground for
difference of opinion, and (iii) an immediate appeal from the order may materially advance the
ultimate termination of the litigation.  *Nelco*, 250 B.R. at 78 79 *citing Atlantic Textile*, 191 B.R. at
653; *Swyter*, 263 B.R. at 748 749; *Alexander v. Bank of Woodstock*, 248 B.R. 478, 483 (S.D.N.Y.
2000).

A. Controlling Question of Law.

The term "controlling question of law" refers to a question of pure law, the resolution of which will be dispositive of the litigation, either as a legal or practical matter. *Nelco*, 250 B.R. at 78 (citing *Fannin v. CSZ Transportation Inc.*, 873 F.2d 1438 (4th Cir. 1989) (unpublished)). In determining this element of the test, the answer about the controlling nature of the question of bankruptcy law should not hinge upon any specific fact of the case but should rest instead upon principles of bankruptcy law applicable to all bankruptcy cases. *Nelco*, 250 B.R. at 80. In other words, the question must not be so fact specific as to make an interlocutory appeal inappropriate. *Nelco,* 250 B.R. at 82.

Here, the controversy in the instant case stems from the provisions of the Bankruptcy Code and the authority granted thereunder to the Bankruptcy Court. The controlling questions to be addressed on appeal are: (i) whether a bankruptcy court may categorically deny discovery in connection a dismissal motion, which constitutes a contested matter governed by Rule 9014(c) and (ii) whether the Debtor's Chapter 11 petition was filed in bad faith warranting dismissal under 11 U.S.C. § 1112(b). Both questions are controlling because they directly impact whether the Chapter 11 case may proceed at all. Moreover, Rule 9014(c) expressly makes the discovery rules in Part VII of the Federal Rules of Bankruptcy Procedure applicable to contested matters brought on by motion. *Phillips v. Lehman Bros. Holdings, Inc. (In re Fas Mart Convenience Stores, Inc.*), 318 B.R. 370, 372 (Bankr. E.D. Va. 2004). The denial of discovery prevented Movants from adequately developing the factual record, which is essential to determination of bad faith. If the Debtor did in fact file the petition in bad faith, then the case should be dismissed now so that judicial resources are not wasted unnecessarily. The Bankruptcy Court's decision to deny Movants

7

the opportunity to conduct discovery strikes at the very heart of the substantive right to seek dismissal of a bad faith filing.

The predicate procedural facts necessary to adjudicate the appeal can be ascertained from the hearing on the Motion to Dismiss held by the Bankruptcy Court on July 30, 2025 and July 31, 2025.  Thus, this Court need only consider questions of pure law in adjudicating this appeal.

  B. <u>Substantial Ground for Difference of Opinion.</u>

To satisfy the second element of § 1292(b), there must be a "substantial ground for a difference of opinion" as to the controlling question of law.  *Nelco*, 250 B.R. at 79, *citing Atlantic Textile*, 191 B.R. at 653.  The divergent opinions must be between the courts, not merely the parties, as to the law and the application thereof underlying the appealed decision.  *Nelco*, 250 B.R. at 79 *citing Atlantic Textile*, 191 B.R. at 653.  An interlocutory appeal will lie if a difference of opinion exists between courts on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split of authority or clarify the law.  *Nelco*, 250 B.R. at 82 83 (citations omitted).  Although substantial grounds for differences of opinion must involve more than the strong disagreement between the parties, this prong will be satisfied if the issue is difficult and of first impression.  *Alexander*, 248 B.R. at 483 (citations omitted).

First, the ability to conduct discovery is a paramount right when important, fact-dependent issues are raised in a contested matter as serious as a motion to dismiss.  Rule 9014 was designed to allow discovery to a litigant in a contested matter as a matter of right, not to shut it down.  The "unless otherwise ordered" text is included to allow a bankruptcy judge to put reasonable limits on the scope of discovery, not to prohibit discovery completely as the Bankruptcy Court did here.  Discovery is permitted in connection with a contested matter and "fairness dictates allowing [the movant] a reasonable opportunity to develop predicate facts supporting its legal contentions in

contested matters to which it is a party."). *See, e.g., In re Ascentra Holdings, Inc.*, 657 B.R. 339, 344 (Bankr. S.D.N.Y. 2023); *In re Analytical Sys., Inc.*, 71 B.R. 408, 412 (Bankr. N.D. Ga. 1987) ("The underlying purpose of incorporating Federal Rules of Procedure into contested matters is to provide due process protections to all parties of a dispute even though it does not rise to the status of a formal adversary proceeding."). The importance of preserving due process is why the appropriate remedy for discovery that is overly burdensome is a limitation, not a prohibition. *See In re Donnelly*, No. 17-03213-CL13,, at \*1 (Bankr. S.D. Cal. May 18, 2018) ("While potentially broad, the scope of discovery under the federal rules is not boundless. Discovery must be relevant and proportional to the amount at issue. Fed. R. Civ. P. 26(b)(1). And, especially in contested matters, courts must be vigilant in balancing the due process protections that discovery sometimes enhances against the need and proportionality of discovery.").

Second, with respect to dismissal of the Motion to Dismiss for Bad Faith, bankruptcy courts differ on the legal standard for dismissing a petition filed in bad faith. On a request by a party in interest, after notice and hearing, the Court may dismiss or convert a Chapter 11 case to a case under Chapter 7, whichever is in the best interests of the creditors and the estate for "cause". 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) contains a non-exhaustive list of circumstances that may constitute "cause" for dismissal. *See* 11 U.S.C. § 1112(b)(4).

The Second Circuit used a multi-factor test to determine bad faith in *In Re C-TC 9th Ave. P'ship*, 113 F.3d 1304 (2d Cir. 1997), where it noted the following factors used in an analogous case:

> (1) the debtor has only one asset; (2) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default; (3) the debtor's financial condition is, in essence, a two-party dispute between the debtor and secured creditors; (4) *the timing of the filing evidences an intent to delay or frustrate legitimate collection efforts;* (5) *the debtor has little or no cash flow;* (6) the

9

debtor cannot meet current expenses; (7) *the debtor has no employees.*

*C-TC 9th Ave. P'ship*, 113 F.3d at 1311 (italic emphasis added) (citing to the *Pleasant Pointe* factors used in *Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp.,* 139 B.R. 828 (W.D. Ky. 1992).

More recently, the Third Circuit has recently announced a new rule that good-faith filing of a Chapter 11 petition requires the debtor to show it is facing financial distress "immediate enough to justify filing." *In re LTL Mgt., LLC*, 64 F.4th 84 (3d Cir. 2023). In deciding whether the petition served a valid bankruptcy purpose and was filed in good faith under § 1112(b), the *LTL Mgmt. Court* stated the following:

> "[T]wo inquiries . . . are particularly relevant": "(1) whether the petition serves a valid bankruptcy purpose[;] and (2) whether [it] is filed merely to obtain a tactical litigation advantage." *15375 Mem'l Corp. v. BEPCO, LP*, 589 F.3d 605, 618 (3d Cir. 2009) (internal quotation marks omitted) (citing *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.),* 384 F.3d 108, 119-20 (3d Cir. 2004). Valid bankruptcy purposes include "preserv[ing] a going concern" or "maximiz[ing] the value of the debtor's estate." *Id.* at 619. Further, a valid bankruptcy purpose "assumes a debtor in financial distress." *Integrated Telecom*, 384 F.3d at 128.

The Fourth Circuit has noted that courts are duty bound to conduct an inquiry, if requested, to determine whether a petition has been filed in good faith. *See In re United States Optical, Inc.*, 1999 U.S. App. LEXIS 6960 at *15-16 (4th Cir. 1993) (involving an involuntary petition). There is no definition of "good faith" in the Bankruptcy Code; the finding is fact-specific. *See In re Sawyer*, No. 07-10252 SSM, 2007 WL 1275627, at *5 (Bankr. E.D. Va. June 13, 2007), opinion corrected, No. 07-10252 SSM, 2007 WL 2110314 (Bankr. E.D. Va. July 17, 2007).

In *Carolin Corp.*, in deciding whether to dismiss or convert a Chapter 11 case, the Fourth Circuit looked at findings of objective futility and subjective bad faith. The *Carolin Corp.* decision noted that courts presented with the question of bad faith have uniformly held that: "[G]enerally,

10

an implicit prerequisite to the right to file [a Chapter 11 petition] is 'good faith' on the part of the debtor, the absence of which may constitute cause for dismissal . . . ." *Carolin Corp.,* 886 F.2d at 698 (citing *In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir. 1985) and 2 L. King, *Collier on Bankruptcy* § 301.05[1] (15th ed. 1979). The *Carolin Court* further noted:

> We agree with the other courts that have so held and conclude that a good faith filing requirement is implicit in several specific provisions of the bankruptcy code, interpreted in light of established policy considerations underlying the code's provision of bankruptcy protection. …. [A] good faith requirement[:] *prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefiting them in any way* or to achieve reprehensible purposes. Moreover, a good faith standard *protects the jurisdictional integrity of the bankruptcy courts* by rendering their powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshalling and turnover of assets) available only to those debtors and creditors with "clean hands."

*Id.* p. 698 (citing *Little Creek Development)*. To make a finding of bad faith, no single factor is considered determinative and any conceivable list of factors is not exhaustive. *Id.* p. 701 (citing *In re Natural Land Corp.,* 825 F.2d 296, 298 (11th Cir. 1987); *see also In re Dunes Hotel Assocs.*, 188 B.R. 162, 169 (Bankr. D.S.C. 1995) ("In making a determination regarding allegations of bad faith, the Court must examine the totality of the facts of the case.").

In the Fifth Circuit, the *Franklin* decision correctly quoted the eight bad faith factors from the Fifth Circuit's decision in *Little Creek Development,* so those factors will not be repeated here. *Little Creek Development* not only noted the "clean hands" requirement for a debtor, but also noted "the bankruptcy court's responsibility to enforce a standard of good faith":

> A court of equity may in its discretion in the exercise of the jurisdiction committed to it grant or deny relief upon performance of a condition which will safeguard the public interest . . . These principles are a part of the control which the court has over the whole process of formulation and approval of plans of composition or reorganization. . . .

*Little Creek Development*, 779 F.2d at 1072 (citing *American United Mut. Life Ins. Co. v. City of Avon Park*, 311 U.S. 138, 145 (1940) (quoting *SEC v. United States Realty & Improvement Co.*, 310 U.S. 434, 455 (1940)).

In sum, bankruptcy courts differ on what constitutes "bad faith" under § 1112(b) and what determinations can be made without a development of the factual record. This demonstrates that there is substantial uncertainty on whether the Debtor's filing was made in bad faith and whether the Bankruptcy Court erred by shutting down the Movants right to develop more facts, through discovery, to support their motion to dismiss.

      C.   <u>An Immediate Appeal from the Order Denying the Motion to Dismiss Will Materially Advance the Ultimate Termination of the Litigation.</u>

A remand of the Order Denying the Motion to Dismiss to allow for the Movants to conduct discovery and requiring the Court to hold an evidentiary hearing on the issues of both subjective and objective bad faith, as required *by Carolin Corp,* would materially advance the ultimate termination and disposition of the case. If the Debtor's filing is determined to be in bad faith, then a dismissal would end the Chapter 11 case and the Bankruptcy Court would ultimately conserve judicial resources. Even if dismissal is not ordered, resolving the issue of whether the Movants are entitled to discovery on the bad faith issue will materially advance the litigation. If the Bankruptcy Court erred in denying discovery, delaying a decision on that error will only result in the Bankruptcy Court moving forward on a case that will be unraveled later when the Movants revisit the issues later on appeal. In sum, an immediate appeal from the Order Denying the Motion to Dismiss will materially advance the litigation by allowing for the court to reconsider its dismissal decision upon a more complete record – a record that the Movants are in fairness entitled to develop with discovery under Rule 9014.

## V.     Conclusion.

Discovery under Rule 9014 is a fundamental right of a litigant in a contested matter that was denied to the Movants.  The District Court should immediately grant the Movants' Motion for Leave to Appeal the Order Denying the Motion to Dismiss for Bad Faith.  Each of the required elements are present here under § 1292(b) for an interlocutory appeal under 28 U.S.C. § 158(c)(3). The questions on appeal are pure questions of law that are not fact-specific or fact-intensive. Allowing an appeal here should also result in answering the question of what the correct legal standard is for dismissing a bankruptcy petition filed in bad faith, for which divergent views exist across the federal circuits.

Dated:  September 16, 2025

DEVELOPER RE1, LLC AND 423 KENNEDY ST HOLDINGS, LLC,

/s/ Alexandria J. Smith
James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
GREENSTEIN DELORME & LUCHS, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410
Emails: ajs@gdllaw.com; jds@gdllaw.com;

and

Jeremy S. Williams (DC 994825)
KUTAK ROCK LLP
1021 East Cary Street, Suite 810
Richmond, Virginia  23219
Telephone: (804) 644-1700
Fax: (804) 783-6192
Email: jeremy.williams@kutakrock.com

*Co-Counsel for Developer RE1, LLC and
423 Kennedy St Holdings, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2025, a true copy of the foregoing

Notice of Appeal should be served electronically by a Notice of Electronic filing on all persons

receiving notices via the Court's CM/ECF system.

/s/ Alexandria J. Smith
Alexandria J. Smith

8161\0002\4898-9221-8730.v1

EXHIBIT 1

The order below is hereby signed.

Signed: September 2 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

In re:

      JPK Newco, LLC,                        **Case No. 25-00200-ELG**

           Debtor.                            **Chapter 11**

## ORDER DENYING MOTION TO DISMISS CASE

On June 23, 2025, Developer RE1, LLC and 423 Kennedy St. Holdings, LLC filed a *Motion to Dismiss Chapter 11 Petition Filed in Bad Faith* (ECF No. 19) (the "Motion to Dismiss"). On July 23, 2025, WCP Fund I LLC filed an *Opposition* (ECF No. 29), and on July 24, 2025, JPK Newco, LLC (the "Debtor) also filed an *Opposition* (ECF No. 30). These matters were heard by the Court on July 30, 2025 and July 31, 2025 (the "Hearing").

For the reasons stated on the record at the Hearing, it is **ORDERED** that:

1.      The Motion to Dismiss is **DENIED**.

2.      The Court reserves the right to supplement its oral ruling and/or this Order with written findings of fact and conclusions of law.

[Signed and dated above.]

Copies to: recipients of electronic notice.