**KUTAK ROCK LLP**
Jeremy S. Williams (DC 994825)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
*Co-Counsel for Developer RE1, LLC and*
*423 Kennedy St Holdings, LLC*

**GREENSTEIN DELORME & LUCHS, P.C.**
James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Chapter 11 |
| JPK NEWCO, LLC, | Case No. 25-00200 (ELG) |
| Debtor. | Subchapter V |
| DEVELOPER RE1, LLC, *et al*, | |
| Movants, | |
| v. | Contested Matter |
| JPK NEWCO, LLC, *et al.*, | |
| Respondents. | |

## MOVANTS' MOTION TO COMPEL DISCOVERY RESPONSES

Developer RE1, LLC and 423 Kennedy St Holdings, LLC (collectively, the "Movants"), by counsel, hereby move (this "Motion to Compel") this Court for entry of an order, compelling responses from JPK NewCo, LLC ("Debtor") to the *First Set of Interrogatories and Requests for the Production of Documents to the Debtor* (the "Discovery Requests"). In support of this Motion to Compel, the Movants state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Columbia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code and Rule 7037 of the Federal Rules of Bankruptcy Procedure.

**Background**

4. The factual and procedural background is well known to this Court from certain prior cases and is hereby incorporated by reference.[1]  Additional background is available in the *Motion to Dismiss Chapter 11 Petition Filed In Bad Faith* [Dkt. No. 19] and the *Motion of Developer RE1, LLC's and 423 Kennedy St Holdings, LLC for Abstention and to Dismiss or Stay Proceedings* [Dkt. No. 48].

5. On May 27, 2025, JPK initiated the above-captioned proceeding under Subchapter V of Chapter 11 of the Bankruptcy Code after its prior bankruptcy case was dismissed. [Case No. 24-00262; Dkt. No. 85].

6. On August 1, 2025, because JPK had seemingly acknowledged that it was created for and exists solely to protect WCP Fund I LLC, has no other business operations and is merely a tool for obtaining bankruptcy jurisdiction, the Movants filed *Developer RE1, LLC's and 423 Kennedy St Holdings, LLC's Objection to Subchapter V Designation* [Dkt. No. 42] (the "Designation Objection"). On August 4, 2025, the Debtor and its related entity, WCP Fund I LLC filed their opposition to the Designation Objection [Dkt. No. 43] and unilaterally scheduled the matter for hearing just over two weeks later, on August 20, 2025 [Dkt. No. 44].

7. On August 12, 2025, in connection with the Designation Objection, the Claimants served their initial set of Discovery Requests on the Debtor. The initial Deadline for the Debtor to respond to the Discovery Requests was September 11, 2025.

8. The hearing on the Designation Objection was adjourned by agreement to September 3, 2025.

9. On August 29, 2025, the Claimants filed the *Motion of Developer RE1, LLC and 423 Kennedy St Holdings, LLC to (I) Suspend Confirmation Deadlines; and (II) Adjourn Objection to Subchapter V Designation* [Dkt. No. 52] (the "Adjournment Motion"). The Adjournment Motion sought, among other things, to adjourn the hearing on the Designation Objection and establish certain deadlines in connection with the pending Discovery Requests.

10. At the hearing held on September 3, 2025, with the understanding that the Debtor intended to either move for a protective order or object to the Discovery Requests, the Court granted the relief in the Adjournment Motion in modified form. In light of the Debtor's announced opposition and in consultation with Debtor's counsel, the Court established: (i) September 18, 2025 as the deadline for the Debtor to file its objections to the Discovery Requests or seek a protective order; (ii) October 2, 2025 as the deadline for the Movants to object or seek resolution of any motion and/or objections; and (iii) October 29, 2025 as the hearing date to resolve any open issues regarding discovery. An order embodying the same was entered by the Court on September 23, 2025 [Dkt. No. 69] (the "Scheduling Order").

11. Such deadlines were established in order to allow for resolution of the underlying discovery matters in advance of the omnibus hearing scheduled for November 13, 2025 (the "Omnibus Hearing").

---

[1] *See* Case No. 24-00262-ELG and Adv. Proc. No. 24-10023-ELG.

12. No responses were received by the original deadline (September 11, 2025) and to extent the Scheduling Order could be so interpreted, by the extended deadline (September 18, 2025).

13. On October 7, 2025, the Movants contacted counsel to the Debtor to inquire about the same. Counsel for the Debtor advised that responses would be forthcoming either on October 10, 2025, or October 13, 2025.

14. As of the filing of this Motion, no responses to the Discovery Requests have been received.

15. The Discovery Requests seek information directly relevant to prosecuting the Designation Objection and in fact, the Court has previously admonished Debtor's counsel about the need to permit the discovery process to proceed. The Discovery Requests include information concerning the Debtor's alleged business operations, a necessary component for a party to be entitled to treatment as a subchapter V debtor.

16. To resolve these matters in advance of the Omnibus Hearing and to not avoid unnecessary delay in these proceedings, the Debtor should be compelled to provide, immediately, all relevant documents under the Discovery Requests.

**MOTION TO COMPEL**

17. As stated above the Debtor continues to withhold documents critical to Movants' litigation of the underlying Designation Objection. Pursuant to Rule 26 of the Federal Rules of Evidence (the "Rules"), a party is entitled to discovery regarding any nonprivileged matter that is relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Discovery should ordinarily be allowed, under the concept of relevancy, unless it is clear that the information sought can have no possible bearing upon the

4

subject matter of the action. 23 Am. Jur. 2d Depositions and Discovery § 20. In fact, ". . . it is rare that a showing can be made that a particular item of requested information is not relevant under the broad definition given that word in the rule permitting discovery of relevant information." 10 Fed. Proc., L. Ed. § 26:94. In this instance, no objections have been filed, the deadline for doing so has passed and the Debtor is past due for providing its response to the Discovery Requests. At this point, the Defendant has no excuse to not produce the documents requested.

### Attorneys' Fees

18. Pursuant to Rule 37, if this Motion to Compel is granted or the requested discovery is provided after the filing of this Motion, the Debtor is required to pay the Movant's reasonable expenses incurred in making the motion.

19. As a result of filing this Motion, the Movants seek attorneys' fees in an amount to be determined at a separate hearing.

### CERTIFICATION

20. The undersigned hereby certifies, pursuant to Rule 37 of the Federal Rules of Civil Procedure, that the movant has, in good faith, conferred or attempted to confer with the parties subject to this motion in an effort to resolve the disputes set forth herein without court action.

**WHEREFORE** for the reasons set forth herein, the Movants respectfully requests that this Court enter an order: (i) granting this Motion to Compel; (ii) compelling the Debtors to properly respond to the Discovery Requests as set forth herein; (iii) awarding the Movants

5

attorneys' fees in an amount to be determined in connection with a separate hearing; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: October 14, 2025         **DEVELOPER RE1, LLC AND**
　　　　　　　　　　　　　　　　**423 KENNEDY ST HOLDINGS, LLC,**

　　　　　　　　　　　　　　　　/s/ *Jeremy S. Williams*
　　　　　　　　　　　　　　　　Jeremy S. Williams (DC 994825)
　　　　　　　　　　　　　　　　KUTAK ROCK LLP
　　　　　　　　　　　　　　　　1021 East Cary Street, Suite 810
　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　Telephone: (804) 644-1700
　　　　　　　　　　　　　　　　Facsimile: (804) 783-6192
　　　　　　　　　　　　　　　　Email: jeremy.williams@kutakrock.com

　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　James D. Sadowski (DC 446635)
　　　　　　　　　　　　　　　　Alexandria J. Smith (DC 1781067)
　　　　　　　　　　　　　　　　GREENSTEIN DELORME & LUCHS, P.C.
　　　　　　　　　　　　　　　　801 17th Street, N.W., Suite 1000
　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　Phone: (202) 452-1400
　　　　　　　　　　　　　　　　Fax: (202) 452-1410
　　　　　　　　　　　　　　　　Email: jds@gdllaw.com

　　　　　　　　　　　　　　　　*Co-Counsel for Developer RE1, LLC and 423 Kennedy St Holdings, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that on October 14, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system to all necessary parties.

　　　　　　　　　　　　　　　　/s/ *Jeremy S. Williams*
　　　　　　　　　　　　　　　　　　　　　Counsel