The order below is hereby signed.

Signed: October 31 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**JPK NEWCO, LLC,**<br>Debtor. | **Case No. 25-00200-ELG**<br><br>**Chapter 11** |
| **JPK NEWCO, LLC, et al.**<br>Plaintiffs,<br><br>v.<br><br>**DEVELOPER RE1, LLC, et al.**<br>Defendants. | **Adv. Pro. No. 25-10015-ELG** |
| **DEVELOPER RE1, LLC, et al.**<br>Plaintiffs,<br><br>v.<br><br>**RUSSELL DRAZIN, et al.**<br>Defendants. | **Adv. Pro. No. 25-10037-ELG** |

## <u>ORDER APPOINTING JUDICIAL MEDIATOR</u>

The Court having considered the *Joint Motion to Appoint Judicial Mediator* (ECF No. 79)

filed by Developer RE1, LLC and 423 Kennedy St. Holdings, LLC (together, the "Creditors");

JPK NewCo, LLC (the "Debtor"); and WCP Fund I LLC, SF NU, LLC, Russell Drazin, DP Capital

LLC, and Daniel Huertas (collectively, the "WCP Parties," and together with the Debtor and Creditors, the "Parties"), and having determined that judicial mediation is appropriate in the above-captioned adversary proceeding, it is **ORDERED, ADJUDGED AND DECREED** that:

1.      The Honorable Kevin R. Huennekens is appointed as a judicial mediator (the "Mediator") in this matter. The Mediator shall have full authority to settle matters and to enter any orders necessary in furtherance of his settlement efforts.

2.      The mediation processes and procedures and the duties of the Parties shall be determined by the Mediator.

3.      The Parties shall comply with the Mediator's directions regarding the exchange of information and/or submission of memoranda or mediation statements should the Mediator so require.

4.      Unless otherwise ordered by the Mediator in the Mediator's sole discretion, in addition to counsel, an authorized representative of each party with full and complete settlement authority shall attend the mediation.

5.      No party shall be bound by anything said and/or done during the mediation unless either a written and signed stipulation is entered into, or the Parties enter into a written and signed agreement.

6.      The mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct,

statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with the mediation.

7.      The Mediator shall retain the same immunity as he has as a judge under Federal law and the common law from liability for any act or omission in connection with the mediation, and from compulsory process to testify or produce documents in connection with the mediation.

8.      The Parties shall provide a report (the "Mediation Report") to the Court of the results of the mediation immediately upon the conclusion of the mediation.  Any resolution that is reached will be subject to Court approval after notice and opportunity for hearing in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

9.      The Court will retain jurisdiction over any matters related to or arising from the mediation.

10.     The Clerk shall docket this Order in Adversary Proceeding Nos. 25-10015-ELG and 25-10037-ELG (together, the "Adversary Proceedings").

11.     Any deadlines or hearings in the instant case, including but not limited to the *Objection to Subchapter V Designation* (ECF No. 42), *Motion to Suspend Confirmation Deadlines* (ECF No. 52), and the *Motion to Compel Discovery Responses* (ECF No. 71), and in the Adversary Proceedings[1] shall be stayed pending completion of the mediation.

[Signed and dated above.]

---

[1] Out of an abundance of caution, the Court notes that this Order continues generally any matters current set for November 5, 2025 or November 13, 2025 in the instant case or in the Adversary Proceedings.

**Copies to:**

Jeremy S. Williams
Kutak Rock LLP
1021 East Cary Street, Suite 810
Richmond, VA 23219

James D. Sadowski
Greenstein Delorme & Luchs, P.C.
801 17th Street NW, Suite 1000
Washington, D.C. 20006

Maurice B. VerStandig
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy #665
Henderson, NV 89012