The order below is hereby signed.

Signed: June 12 2026



_____
Elizabeth L. Gunn
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | **Case No. 25-00200-ELG** |
| **JPK Newco, LLC,**<br>**Debtor.** | **Chapter 11** |

### MEMORANDUM OPINION ON MOTION TO DISMISS

The Court has before it the *Motion to Dismiss Chapter 11 Petition Filed in Bad Faith* (the "Motion to Dismiss") filed by Developer RE1, LLC and 423 Kennedy St Holdings, LLC (the "Movants") and the oppositions filed by WCP Fund I LLC ("WCP") and JPK Newco, LLC (the "Debtor").[1] The Court heard arguments on July 30 and 31, 2025 (the "Hearing"). Upon consideration of the pleadings and the arguments from the Hearing, and for the reasons set forth in an oral ruling at the conclusion of the Hearing, the Court denied the Motion to Dismiss. An *Order Denying Motion to Dismiss Case* (the "Dismissal Order") was entered on September 2, 2025, memorializing the Court's oral ruling.[2] This Memorandum Opinion documents the Court's

---

[1] *Developer RE1, LLC and 423 Kennedy St. Holdings, LLC's Mot. to Dismiss Chapter 11 Petition Filed in Bad Faith*, ECF No. 19; *Opp'n of WCP Fund I LLC to Developer RE1 LLC's and 423 Kennedy St. Holdings, LLC's Mot. to Dismiss Chapter 11 Petition Filed in Bad Faith*, ECF No. 29; *Debtor's Opp'n to Developer RE1 LLC's and 423 Kennedy St. Holdings, LLC's Mot. to Dismiss Chapter 11 Petition Filed in Bad Faith*, ECF No. 30.

[2] ECF No. 59. The Dismissal Order stipulated that the Court "reserve[d] the right to supplement its oral ruling and/or [the] Order with written findings of fact and conclusions of law." *Id.* After the Dismissal Order was entered, the Movants timely filed an appeal and corresponding *Motion for Leave to File Appeal of an Interlocutory Order. Notice of Appeal*, ECF No. 63; *Mot. for Leave to File an Appeal of an Interlocutory Order*, ECF No 65 (the "Motion for Leave"). At the time of entry of this Opinion, the appeal and Motion for Leave remain pending.

1

oral ruling as to the denial of the Motion to Dismiss, and to the extent that there is any inconsistency or conflict, this Memorandum Opinion shall control.

## I.    Background

### A.    Motion to Dismiss Hearing

The Court is familiar with the long, sordid history of litigation between the Movants and the Debtor.[3] In many cases, the Court has had a front-row seat to the continuing litigation, including the extensive motions practice in both a previous chapter 11 case and numerous adversary proceedings. Much of this history is repeated and detailed in the pleadings by the parties herein. However, for the purposes of the Motion to Dismiss, as discussed below, the relevant facts are much narrower.

At the Hearing, and for the limited purpose of the Court's consideration of the Motion to Dismiss, the Debtor and WCP both stipulated to the Court's consideration facts in the Motion to Dismiss as pled by the Movants while reserving all rights to oppose or defend the factual allegations in the future. Despite the stipulation to all of their facts as alleged, at the onset of the Hearing, the Movants argued that they needed discovery prior to a hearing on the merits of the Motion to Dismiss.[4] However, when questioned by the Court as to their general declarations regarding the need for discovery, the Movants could not identify one factual area that, if their allegations as pled were taken as true, would require additional discovery prior to consideration of the question of dismissal.[5] Further, the Movants could not articulate any portion of the legal

---

[3] The Debtor and Movants have been embroiled in a number of legal disputes before this Court that are not relevant to the Motion to Dismiss but provide context for the current litigation, as described in both the Motion to Dismiss and *Opposition*. ECF No. 29; *see* Case Nos. 24-00262-ELG, 24-10023-ELG, 25-10015-ELG, 25-10037-ELG.

[4] Hearing Recording at 5:10–34:59, ECF No. 40; *see also* ECF No. 19, at 2. As noted at the Hearing, despite having over a month to do so, the Movants did not propound discovery on WCP and the Debtor until a week prior to the Hearing, which the Movant's self-scheduled. Furthermore, the Movants questioned the Debtor's representative at the § 341 Meeting, which was concluded a month prior to the Hearing.

[5] Hearing Recording at 5:10–34:59, ECF No. 40.

argument on the appropriate standard to consider the requested dismissal based on a bad faith filing that required discovery, instead pointing to tangential issues of jurisdiction or collusion between non-debtor parties related to WCP. Therefore, the Court ordered that argument would go forward on the legal question of whether the case should be dismissed as a bad faith filing based on the stipulated facts, specifically the Court ordered it would first address the legal standard to be applied to such argument. The Court reserved the right to enter a scheduling order so that discovery could be conducted, if necessary. Based on this ruling, argument proceeded with the legal question of the standard to apply to the question of whether the Debtor's filing was a bad faith filing, and then the application of the stipulated facts to the standard. Because the Court found there was no objective futility to the filing of the Petition, the Court found that no discovery was necessary as the Movant's solely identified areas regarding subjective intent for which they desired to conduct discovery.

### B.       Summary of Relevant Stipulated Facts

The Debtor filed a voluntary petition under chapter 11 (the "Petition") on May 27, 2025.[6] The Debtor is a limited liability company whose principal place of business is in McLean, VA. The Debtor has no secured claims and three unsecured claims, two of which are contingent, unliquidated, and disputed claims from the Movants arising out of prepetition litigation.[7] The Debtor is a special purpose entity formed to own and hold two junior promissory notes (the "Promissory Notes"), one from each of the Movants, secured by corresponding junior liens on 419–423 Kennedy St. NW and 55501 1st St. NW, parcels of real property located in Washington, DC. The Debtor's only other asset is an unsecured note payable from an entity known as Energy Morocco, LLC, which originally matured in December 2024 (the "Energy Morocco Note"). At all

---

[6] *Voluntary Petition for Non-Individuals Filing for Bankruptcy*, ECF No. 1.
[7] *See Schedule E/F: Creditors Who Have Unsecured Claims*, ECF No. 1.

times the Debtor has been candid that this case was filed in an attempt to resolve the ongoing litigation between the Movants and the Debtor as to the Promissory Notes.[8]

The Debtor filed a previous chapter 11 case ( "JPK I"), which was dismissed consensually after a *Motion to Dismiss* filed by the United States Trustee (the "UST") remained pending for approximately nine months.[9] The Movants' arguments and factual recitation implicitly raise issue with the entry of the consensual dismissal in JPK I because it was entered without a hearing thereon, despite the fact the Movants had not filed their own motion, only "supported" the UST's motion.[10] The Movants had the opportunity to, but did not, engage in discovery against the Debtor and WCP in JPK I in connection with the UST's motion.[11]

On June 23, 2025, less than one month into this case, the Movants filed the Motion to Dismiss seeking dismissal for cause, specifically alleging that the Debtor's case was not filed in good faith. The Movants self-scheduled the hearing on the Motion to Dismiss for July 30, 2025, with responses due July 23, 2025.[12] The Debtor and WCP timely objected to the Motion to Dismiss, creating a contested matter for which discovery was immediately available.[13] On June 30, 2025, the UST held and concluded the § 341 meeting of creditors (the "§ 341 Meeting"), where counsel for the Movants appeared and had the opportunity to question the Debtor's representative under oath.[14] On July 28, 2025, the Debtor timely submitted its *Chapter 11 Small Business Subchapter V Plan* (the "Plan").[15] The funding of the Debtor's plan is contingent upon the

---

[8] ECF No. 29, at 21.

[9] *Consent Order Granting the U.S. Tr.'s Mot. to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)*, *In re JPK Newco LLC*, No. 24-262-ELG (Bankr. D.D.C. Feb. 24, 2025), ECF No. 85.

[10] *Statement in Supp. of the U.S. Tr.'s Mot. to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)*, *In re JPK Newco LLC*, No. 24-262-ELG (Bankr. D.D.C. Oct. 14, 2024), ECF No. 57.

[11] *Scheduling Order*, *In re JPK Newco LLC*, No. 24-262-ELG (Bankr. D.D.C. Nov. 13, 2024), ECF No. 70.

[12] These periods were significantly longer than the 21-day notice period required by Federal Rule of Bankruptcy Procedure 2002.

[13] *See* Fed. R. Bankr. P. 9014(c).

[14] *See* ECF No. 37-1 (§ 341 Transcript).

[15] ECF No. 31; *see also* 11 U.S.C. § 1189 (requiring a debtor to file a plan within 90 days after filing).

resolution of litigation with the Movants and recovery on the Promissory Notes and the Energy Morocco Note. The Movants objected to confirmation of the plan and filed an objection to the Debtor's eligibility under subchapter V.[16]

## II.    Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.[17] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.[18] Subject to the caveat that the facts in the Motion to Dismiss were stipulated to for the limited purpose of consideration thereof and reserving all rights to contest the same in the future, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.[19]

---

[16] *Obj. to Subchapter V Designation*, ECF No. 42; *Obj. to Plan of Reorganization*, ECF No. 58.

[17] Despite the fact that the Motion to Dismiss avers that the Court has jurisdiction, in the argument section of the Motion to Dismiss and at the Hearing, the Movants contended that the Debtor, along with other entities, "colluded to manufacture federal jurisdiction" over the proceedings between the Movants; WCP Fund I, LLC; DP Capital, LLC d/b/a Washington Capital Partners; Daniel Huertas; Russell Drazin; SF NU LLC; and the Debtor. ECF No. 19, at 31. The argument appears not to challenge the Court's 28 U.S.C. § 1334 jurisdiction over the case but instead is part of the Movant's argument on subjective bad faith and/or challenge to the Court's jurisdiction over the removed related adversary proceedings. The authorities cited by the Movants focus not on the eligibility of an entity to be a debtor but on the limitations on parties to litigation to collude to manufacture federal jurisdiction under 28 U.S.C. § 1359. Furthermore, §109(a) establishes that "a person that resides or has domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title," and § 101(41) defines "person" as any "individual, partnership, and corporation." The Debtor is a limited liability corporation and voluntarily filed a petition for relief under title 11 over which this Court has jurisdiction through 28 U.S.C. § 1334 and DCt.LBR 5011-1 ("Pursuant to 28 U.S.C § 157(a), all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges of this District").

[18] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037. The Federal Rules of Civil Procedure are referred to as the "Civil Rules," and the Federal Rules of Bankruptcy Procedure are referred to as the "Bankruptcy Rules."

[19] *See* Fed. R. Bankr. P. 7052.

5

### III.   Analysis

*A.   Standard to Determine Bad Faith Under § 1112*

Under § 1112, on request of a party in interest, a court may dismiss a case "for cause."[20]

Section 1112(b)(4) provides a non-exhaustive list of circumstances that constitute "cause"

including "substantial or continuing loss to or diminution of the estate and the absence of a

reasonable likelihood of rehabilitation," "gross mismanagement of the estate," "failure to comply

with an order of the court," and "failure to file a disclosure statement, or to file or confirm a plan,

within the time fixed by [title 11] or by order of the court."[21] Courts have also identified an implicit

"good faith filing" requirement for chapter 11 cases whereby a finding that a petition has been

filed absent good faith may be sufficient cause to dismiss a case.[22] While the Court has previously

recognized that a lack of good faith may be sufficient cause to dismiss a petition, there is no

controlling precedent in the District of Columbia Circuit as to the standard that must be applied to

determine whether a case was not filed in good faith.[23]

There is a split among the circuit courts on what standard to apply to determine whether a

case was filed in bad faith.[24] In one of the earliest circuit-level opinions, the Fourth Circuit adopted

a two-part test for determining bad faith filing in *Carolin Corp. v. Miller*, which requires movants

to prove that a bankruptcy was filed with both objective futility (*i.e.*, whether a reorganization was

realistically possible) and subjective intent of bad faith based on the totality of the circumstances

---

[20] 11 USC § 1112.

[21] *Id.* § 1112(b) (4) (A), (B), (E), (J).

[22] *Carolin Corp. v. Miller,* 886 F.2d 693, 699 (4th Cir. 1989); *see also Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1071 (5th Cir. 1986) ("Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings.").

[23] *In re Franklin Mortg. & Inv. Co.*, 143 B.R. 295, 302 (Bankr. D.D.C. 1992).

[24] *See id.*

(the "*Carolin* Test").[25] Similar standards have been adopted by the Second[26] and Third Circuits.[27] Conversely, the Eleventh Circuit held that subjective intent based upon the totality of the circumstances alone may establish bad faith for dismissal, expressly declining to include an objective futility element.[28] Somewhat in the middle, the Fifth Circuit articulated that courts must conduct a fact-specific inquiry of all factors – objective and subjective.[29] Regardless of the test used, all circuits that have considered this issue agree that the subjective intent component is a totality of the circumstances analysis, although there are different articulated lists of factors for consideration.[30]

---

[25] *Carolin Corp.*, 886 F.2d at 700–01. In 2023, the Fourth Circuit reaffirmed the requirement of both subjective intent and objective futility. *In re Bestwall LLC. Bestwall LLC v. Off. Comm. of Asbestos Claimants (In re Bestwall LLC)*, 71 F.4th 168 (4th Cir. 2023).

[26] *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1310 (2d Cir. 1997) ("When it is clear that, from the date of filing, the debtor has no reasonable probability of emerging from the bankruptcy proceedings and no realistic chance of reorganizing, then the Chapter 11 petition may be frivolous.") (citing *Baker v. Latham Sparrowbush Assoc. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 227 (2d Cir. 1991)).

[27] *In re LTL Mgmt. LLC*, 64 4th 84, 100–01 (3d Cir. 2023) ("Though a debtor's subjective intent may be relevant, good faith falls more on [an] objective analysis of whether the debtor has sought to step outside the 'equitable limitations' of Chapter 11."); *In re 15375 Mem'l Corp. v. BEPCO, L.P.*, 589 F.3d 605, 618 n.8 (citing *In re SGL Carbon Corp.*, 200 F.3d 154, 165 (3d Cir. 1999)). "[T]wo inquiries . . . are particularly relevant": "(1) whether the petition serves a valid bankruptcy purpose [;] and (2) whether [it] is filed merely to obtain a tactical litigation advantage." *Id. at 618* (internal quotation marks omitted) (citing *NMSBPCSLDHB L.P. v. Integrated Telecom Express Inc. (In re Integrated Telecom Express Inc.)*, 384 F.3d 108, 119–20 (3d Cir. 2004)).

[28] *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly, Ltd.)*, 849 F.2d 1393, 1395 (11th Cir. 1988) ("Instead, the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'") (citing *Albany Partners Ltd. v. Westbrook (In re Albany Partners Ltd)*, 749 F.2d 670, 674 (11th Cir. 1984)).

[29] *In re Little Creek Dev. Co.*, 779 F.2d at 1071 ("Determining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities. Findings of lack of good faith in proceedings based on §§ 362(d) or 1112(b) have been predicated on certain recurring but non-exclusive patterns, and they are based on a conglomerate of factors rather than on any single datum.")

[30] The Court has previously identified factors that courts have looked to:

    [1.] The debtor has one asset, such as a tract of undeveloped or developed real property.

    [2.] The secured creditors' liens encumber this tract.

    [3.] There are generally no employees except for the principals, little or no cash flow, and no available sources of income to sustain a plan of reorganization or make adequate protection payments . . . .

    [4.] Typically, there are only a few, if any, unsecured creditors whose claims are relatively small.

    [5.] The property has usually been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending actions against the foreclosure in state court. Alternatively, the debtor and one creditor may have proceeded to a stand-still in state court litigation . . . .

This Court has two published opinions considering the standard of dismissal for bad faith. In both opinions, the Court recognized the *Carolin* Test, but found that the case before it involved very fact-specific, limited exceptions to the applicability of the *Carolin* Test. The most recent opinion, *In re Allen*, involved the question of a "good faith test" in the context of annulment of the automatic stay in the case of a serial bankruptcy filer.[31] In stating the standard to be applied when analyzing whether a serial bankruptcy filer was proceeding in "bad faith," *Allen* stated that "both objective evidence of a fundamentally unfair result and subjective evidence that the debtor filed a petition for a fundamentally unfair purposes . . . are relevant to the good faith inquiry."[32] *Allen* found that that when applied to serial filers, the *Carolin* Test may be modified to eliminate the need to consider objective futility when the debtor's actions inherently constitute an abuse of the bankruptcy system.[33]

*Allen* relied upon the Court's previous case of *In re Franklin Mortgage & Investment Company, Inc.*, where the question of the debtor's good faith filing was framed by another exception to the application of the *Carolin* Test — the "new debtor syndrome" debtor.[34] Specifically, *Franklin* found that in a case with the inherent unfair delay of a debtor who meets the

---

[6.] Bankruptcy offers the only possibility of forestalling loss of the property.
[7.] There are sometimes allegations of wrongdoing by the debtor or its principals.
*In re Franklin Mortg. & Inv. Co.*, 143 B.R. 295 at 299–300.

[31] 300 B.R. 105 (Bankr. D.D.C. 2003).

[32] *Id.* at 123 (quoting *In re Love*, 957 F.2d 1350, 1357 (7th Cir. 1992)) (considering the standard for good faith filings in chapter 13, adopting a totality of the circumstances test. The good faith requirement was later codified by amendments to § 1325 by the Bankruptcy Abuse Prevention and Consumer Protection Act in 2005). The Court specifically stated in a heading that good faith may be found lacking when absent on objective grounds, regardless of subjective intent but went on to consider a totality of all circumstances. *Id.*

[33] *Id.* at 124.

[34] The "new debtor syndrome" – where a one-asset entity is created on the eve of foreclosure to isolate insolvent property from its creditors – might be more accurately referred to as the "new debtor exception" or "new debtor presumption" as to bad faith in very limited circumstances, the facts of which are not present in this case. *See In re Franklin Mortg. & Inv. Co.*, 143 B.R. 295 at 300.

elements of "new debtor syndrome," it "makes no sense to require objective futility" but acknowledged in cases without the syndrome objective futility should be required.[35]

The Court is also guided by two District of Columbia District Court (the "District Court") cases that implicitly adopt elements of the *Carolin* Test.[36] In the more recent case, *In re Rudd,* the District Court affirmed the bankruptcy court's denial of a motion to dismiss because the petition was not objectively futile.[37] Similarly, *1210-1216 Massachusetts Ave.*, explicitly held that "[o]bjective futility must be determined based on the totality of the circumstances."[38] The *Massachusetts Ave* opinion further upheld the bankruptcy court's dismissal of a petition for cause on the basis of objective futility as well as subjective bad faith and emphasized:

> Since the court finds adequate support for the conclusion that the *Carolin* standard for dismissal based on bad faith was met in this case, it need not decide if, as [opposing creditor] argues, the standard in this circuit is less stringent than that set forth in *Carolin*.[39]

Based upon the foregoing, including the consistent explicit and implicit recognition and adoption of the *Carolin* Test by both this Court and the District Court in all but certain, limited, enumerated, and specific circumstances such as the abusive serial filer and "new debtor syndrome" cases, the Court finds that the appropriate standard for a motion to dismiss for bad faith is the *Carolin* Test requiring a movant to prove both (1) objective futility and (2) subjective intent for bad faith based upon the totality of the circumstances.[40]

---

[35] *Id.* at 301.

[36] *In re 1210-1216 Massachusetts Ave.*, No. 92-0074, 1992 U.S. Dist. LEXIS 8912 (D.D.C. June 23, 1992); *In re Rudd*, No. 94-0751, 1995 U.S. Dist. LEXIS 7855 (D.D.C. Apr. 13, 1995).

[37] *In re Rudd*, 1995 U.S. Dist. LEXIS 7855, at *15. The underlying decision in *Rudd* was not published; however, the recitation of the underlying bankruptcy opinion clearly evidences that the bankruptcy court applied the *Carolin* Test analysis considering both objective futility and subjective bad faith based on a totality of the circumstances. *Id.* at *12–15.

[38] *In re 1210-1216 Massachusetts Ave.*, No. 92-0074, 1992 U.S. Dist. LEXIS 8912 at *23 (D.D.C. June 23, 1992).

[39] *Id.* at *24.

[40] *Carolin Corp.*, 886 F.2d at 700–01.

### B.        The Debtor's Case is Not Objectively Futile

Under the *Carolin* Test adopted herein, if a movant is unable to prove objective futility, the court need not reach the analysis of subjective intent of bad faith.[41] Objective futility is designed to ensure that "some relation to the statutory objective of resuscitating a financially troubled debtor" is embodied in the petition and the analysis requires assessing whether or not there is a going concern to preserve and/ hope of rehabilitation.[42] In general, in considering the question of objective futility, a court must look to whether the debtor is moving towards confirming a plan and/or whether there exists a realistic possibility of an effective reorganization.[43]

The Debtor filed the Petition electing treatment under subchapter V on May 27, 2025. Since filing, the Debtor has met all of its debtor in possession procedural requirements, including attending the § 341 Meeting; filing all required schedules, statements, and other case initiation documents; filing its monthly operating reports; filing its required subchapter V status report; hiring counsel and special counsel; and timely (in fact, almost 60 days prior to its deadline) filing the Plan.[44] At the time of the Hearing, a scheduling order had been entered setting a confirmation hearing, and the Debtor had timely noticed and served the Plan and ballots.[45]

The Plan is necessarily contingent upon the resolution of the litigation between the Debtor and the Movants. While the determination of whether the Plan is ultimately confirmable was not before the Court at the Hearing, the Court examined the Plan prior to the Hearing to ensure it was not simply a "placeholder" document. Without making any specific findings, the Court notes that

---

[41] *Id.* at 701.

[42] *See id.* at 701–02 (quoting *In re Coastal Cable TV, Inc.*, 709 F.2d 762, 765 (1st Cir. 1983) and *Little Creek*, 779 F.2d at 1073) (citation modified).

[43] *Id.* at 698 (quoting *In re Albany Partners, Ltd.*, 749 F.2d at 674); *see also In re Rudd*, 1995 U.S. Dist. LEXIS 7855, at *14–15 (affirming bankruptcy court finding that the filing was not objectively futile because "reorganization was possible and . . . there was a confirmable plan in prospect").

[44] *See Chapter 11 Plan of Reorganization*, ECF No. 31.

[45] These dates were later suspended while the parties pursued mediation.

the Plan is not patently unconfirmable on its face as it contains (i) the history of the Debtor, (ii) a liquidation analysis, and (iii) projections, as required by § 1190. The Debtor's case is unlike most cases evaluating objective futility where the only available evidence on the likelihood reorganization are a debtor's representations as to potential reorganization plans.[46]

The objective factors in this case, such as the filing and timing of the petition and the fact that the Debtor was created as a holding company used for reorganization to repay creditors, do not point to objective futility. While the reorganization may provide the Debtor with a litigation advantage, such factor itself does not lead to a finding of objective futility. As the Third Circuit acknowledged in *In re LTL Management*, the purpose of filing a petition may very well be to beat litigation, but "still, it is not bad faith to seek to gain an advantage from declaring bankruptcy — why else would one declare it?"[47] Therefore, examining the totality of the facts and circumstances, the Court finds that the Debtor has a reasonable likelihood of reorganization and there is a potentially confirmable plan pending. As such, the filing of the Debtor's case is not objectively futile, the Movants have failed to meet the first element of the *Carolin* Test, and the Motion to Dismiss must be denied.

   C.   *The Court Need Not Reach Subjective Intent, the Element for Which the Movants Seek Discovery*

Because the Court denies the Motion to Dismiss for the Movants' failure to establish objective futility, it does not need to reach the question of subjective intent – the element on which the Movants assert they needed additional discovery and sought to continue the Hearing. Denial of the Motion to Dismiss does not deprive the Movants from seeking discovery on and arguing the

---

[46] *See e.g.*, *Md. Port Admin. v. Premier Auto. Servs. (In re Premier Auto. Servs.)*, 492 F.3d 274, 280 (4th Cir. 2007); *In re WSG Dulles L.P.*, No. 12-11149, 2013 Bankr. LEXIS 34, at *20–25 (Bankr. E.D. Va. Jan. 3, 2013) (finding a proposed plan that was patently unconfirmable was insufficient to overcome the objective futility standard); *In re Rudd*, 1995 U.S. Dist. LEXIS 7855, at *14–15; *In re Tucker*, 5 B.R. 180, 184 (Bankr. S.D.N.Y. 1980).

[47] *In re LTL Management*, 64 F.4th at 110 n.19 (quoting *In re James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir. 1992)).

Debtor's good faith during the pendency of the case.[48] The Movants have objected to confirmation, thus creating a contested matter in which they are entitled to discovery.[49] Therefore, the Court need not enter a scheduling order to allow for further discovery on the question of subjective bad faith in the filing of the petition due to its above findings.

### IV.    Conclusion

For the reasons stated herein, the Motion to Dismiss filed by Developer RE1, LLC and 423 Kennedy St Holdings, LLC is **DENIED**.

[Signed and dated above.]

Service to: recipients of electronic notice.

---

[48] The Bankruptcy Code provides for ample opportunity to assess the good faith of the Debtor, including, but not limited to, as part of the consideration of confirmation of the Plan as required by § 1129(a)(3) (incorporated into subchapter V by § 1191(a)).

[49] Fed. R. Bankr. P. 9014(c).