UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | * | |
| JPK NewCo, LLC | * | Case No. 25-00200-ELG<br>Chapter 11 (Subchapter V) |
| Debtor | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

APPLICATION TO APPROVE EMPLOYMENT
OF JEFFREY S. GREENBERG, ESQ. AND ROSENBERG MARTIN
GREENBERG, LLP AS SUBSTITUTE SPECIAL COUNSEL TO JPK NEWCO LLC

Comes now JPK NewCo LLC (the "Debtor" or "Applicant"), pursuant to Sections 327 and 329 of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and applies to engage Jeffrey S. Greenberg, Esq. and Rosenberg Martin Greenberg, LLP (collectively, "RMG"), as special counsel to the Debtor, and in support thereof states as follows:

1. The Debtor commenced this case by filing a Voluntary Petition for Relief under Chapter 11, Subchapter V on May 27, 2025 (the "Petition Date").

2. Since that time, the Debtor has been, and continues to be, in possession of its management and assets as a debtor-in-possession.

3. The Debtor is party to certain adversary proceedings pending in this Court, namely, (a) JPK NewCo LLC, et al. v. Developer RE1 LLC, et al. (D.D.C. Adv. Pro. No. 25-10015-ELG) and (b) Developer RE1 LLC, et al. v. DP Capital LLC, et al. (D.D.C. Adv. Pro. No. 25-10037-ELG) (collectively, the "Adversary Proceedings"), relating to certain prepetition litigation in the District of Columbia Superior Court captioned Developer RE1 LLC, et al. v. WCP Fund I LLC, et al. (the "RE1 Litigation").

4. By Order entered on June 30, 2023 (Dkt. No. 23), the Court authorized the employment of Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC (collectively, "VLF"), to represent the Debtor in the Adversary Proceedings and to advise the Debtor's general bankruptcy counsel on matters related to the RE1 Litigation, including the impact of the injunction entered therein on the Debtor's ability to exercise certain rights and remedies.

5. Subsequently, however, VLF has withdrawn from its representation of the Debtor regarding the foregoing matters.

6. After careful consideration of its options, the Debtor has chosen to engage the services of RMG and approval is hereby sought of RMG's employment to provide the following services to the Debtor as special counsel:

a. Represent the Debtor's interests in the Adversary Proceedings;

b. Represent the Debtor in any related adversary proceeding(s) to be commenced in this Honorable Court; and

c. Advise the Debtor's general bankruptcy counsel on matters related to the RE1 Litigation, including the impact of the injunction entered therein on the Debtor's ability to exercise certain rights and remedies and the administration of the estate.

7. At the same time that RMG was retained to represent the Debtor, RMG was also engaged to represent Daniel Huertas, WCP Fund I LLC, and DP Capital, LLC in the Pending Adversary Proceedings, as well as, to the extent required, such parties in the pending bankruptcy case captioned <u>In re Charles Paxton Paret</u> (Case No. 23-00217-ELG) and the related adversary proceeding captioned <u>Webster v. Huertas, et al.</u> (Adversary Proceeding No. 25-10037-ELG).

8. Except as disclosed in Paragraph 7, RMG does not represent any other person or entity in connection with this case, and RMG is disinterested as that term is used in Section 101(14) of the Bankruptcy Code. RMG is not a creditor, an equity holder, or an insider of the Debtor; was not, within two years before the date of the petition for relief, a director, officer, or employee of the Debtor; and does not have any interest materially adverse to the interests of the estate or any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor (or for any other reason). Further, RMG holds no interest adverse to the interests of the Debtor in connection with the matter for which employment is sought.

19. Because RMG will be representing multiple parties, RMG's retainer will not come from the Debtor and RMG will not seek any compensation from the Debtor's estate. Rather, RMG's fees will come solely from the other clients that have been disclosed above.

20. Attached hereto, and incorporated herein by reference, is the declaration of Jeffrey S. Greenberg, Esq. in support of this application.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order approving the employment of Jeffrey S. Greenberg and Rosenberg Martin and Greenberg, LLP as special litigation counsel to the Debtor; and (ii) afford such other and further relief as may be just and proper.

Dated: September 30, 2026

/s/ Daniel Huertas
BY: Daniel Huertas, on behalf of WCP Fund, I, LLC, Manager

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#428335)
Wolff, & Orenstein, LLC
15245 Shady Grove Road
North Lobby, Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com

Attorneys for JPK NewCo, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 30th day of September, 2026, a copy of the foregoing was sent via the Court's CM/ECF system to:

Kristen S. Eustis, Esq.
Office of the United States Trustee
1725 Duke Street
Ste 650
Alexandria, VA 22314
Kristen.S.Eustis@usdoj.gov

Kristen E. Burgers, Esq.
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102
kburgers@hirschlerlaw.com

James D. Sadowski, Esq.
Greenstein Delorme & Luchs, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
jds@gdllaw.com

Jeremy S. Williams, Esq.
Kutak Rock LLP
1021 East Cary Street
Suite 810
Richmond, VA 23219
jeremy.williams@kutakrock.com

\s\ Jeffrey M. Orenstein
Jeffrey M. Orenstein