Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Russell Drazin*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-200-ELG |
| | ) | (Chapter 11) |
| JPK NEWCO LLC | ) | |
| | ) | |
| Debtor. | ) | |

**REQUEST FOR CERTIFICATION**

Comes now Russell Drazin ("Mr. Drazin"), by and through undersigned counsel, pursuant to section 158(d)(2) of title 28 of the United States Code, and requests this Honorable Court certify the order of the United States District Court for the District of Columbia (the "Order"), ECF No. 108, ". . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States," 28 U.S.C. § 158(d)(2)(A)(i), and ". . . involves a question of law requiring resolution of conflicting decisions," 28 U.S.C. § 158(d)(2)(A)(ii),[1] and in support thereof states as follows:

It appears the relief requested herein is moot insofar as the Order is a final order (as titularly indicated when docketed in this Honorable Court in the first instance) and, as such, freely appealable. *See* 28 U.S.C. § 158(d)(1). It further appears the relief requested herein may be redundant insofar the United States District Court for the District of Columbia has already found

[1] Pursuant to the applicable statutory language, this document is a request—not a motion.

there to exist "a controlling question of law—on which there is substantial ground for disagreement—that could result in the dismissal of JPK NewCo's petition," *In re JPK NewCo, LLC*, 2026 U.S. Dist. LEXIS 147191, at *8-9 (D.D.C. July 2, 2026), which thereby triggers independent grounds for further appellate review, *see* 28 U.S.C. § 158(d)(2)(A).

Out of an abundance of caution, however, and in the interests of streamlining further appellate review of an issue that is seemingly destined for scrutiny by the United States Court of Appeals for the District of Columbia Circuit at some juncture regardless of how resolved in this Honorable Court, Mr. Drazin makes the instant request. Specifically, he notes the District Court to have made the aforesaid finding concerning ambiguity in a controlling question of law and to have proceeded to found this Honorable Court used the wrong standard for measuring bad faith, *vel non*, in a chapter 11 filing. *See In re JPK NewCo, LLC*, 2026 U.S. Dist. LEXIS 204798, at *19 (D.D.C. Sep. 10, 2026). The District Court did not, however, announce an applicable standard; rather, the District Court found this Honorable Court "did not apply the correct standard," *id.* at *20, while intimating such a standard ought to be crafted on remand, *id.*

As made clear in the memorandum opinion issued alongide the Order (and as successfully urged by the appellants *sub judice*), the appropriate standard to measure allegations of bad faith in filing a chapter 11 petition is a ". . . question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." 28 U.S.C. § 158(d)(2)(A)(i). Additionally, insofar as this Honorable Court has previously utilized a standard applicable in the Fourth Circuit, and the District Court has indicated some other standard to be applicable (without explicitly identifying such standard), it appears the Order ". . . involves a question of law requiring resolution of conflicting decisions." 28 U.S.C. § 158(d)(2)(A)(ii).

Based on the foregoing, it is respectfully urged that this Honorable Court is statutorily-bound—with "shall" being the operative legislative verb, *see* 28 U.S.C. § 158(d)(2)(B)(hanging paragraph)—to certify the existence of the aforesaid conditions described in sections 158(d)(2)(A)(i) and 158(d)(2)(A)(ii) of title 28 of the United States Code.

WHEREFORE, Mr. Drazin respectfully prays this Honorable Court (i) certify the Order to involve a ". . . question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States;" (ii) certify the Order ". . . involves a question of law requiring resolution of conflicting decisions;" and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 14, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Mr. Drazin*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of October, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig