UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br>JPK NEWCO, LLC,<br>*Debtor*. | Case No.: 25-00200-ELG<br>Purported Chapter 11 |

# OBJECTION AND OPPOSITION TO NON-PARTY RUSSELL DRAZIN'S REQUEST FOR CERTIFICATION

Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy") (collectively, the "Borrowers") hereby object to and oppose non-party Russell Drazin's ("Mr. Drazin") Request for Certification (the "Request"). For the reasons set forth below, the Request should be denied.

## BACKGROUND

1. This Court is already well acquainted with the factual background of the underlying bankruptcy case, so the Borrowers will not repeat that background in full here.

2. On September 16, 2025, pursuant to Fed. R. Bankr. P. 8003(d)(2), the Borrowers filed a Notice of Appeal from this Court's Order Denying Motion to Dismiss [Docket Entry No. 59]. The appeal was assigned to U.S. District Judge Sparkle S. Sooknanan. *See In re JPK NewCo, LLC*, No. 1:25-cv-03250-SLS (the "District Court Appeal").

3. Following full briefing in the District Court Appeal, Judge Sooknanan issued a Memorandum Opinion and final order (the "Order") on September 10, 2026, granting the Borrowers' appeal, vacating this Court's order denying the Motion to Dismiss, and remanding the matter to this Court "to examine all the relevant facts and circumstances and determine

whether bad faith conduct warrants dismissal of the petition in this case." *See* ECF Nos. 23–24 in the District Court Appeal.

4. The only parties to the District Court Appeal are JPK Newco, LLC and the Borrowers.

5. On September 15, 2026—less than one week after Judge Sooknanan's remand decision—the Debtor filed a Notice of Appeal to the U.S. Court of Appeals for the District of Columbia Circuit. The appeal was docketed as Case No. 26-7194. *See In re JPK NewCo, LLC*, No. 26-7194 (D.C. Cir.) (the "Circuit Court Appeal").

## THE REQUEST FOR CERTIFICATION

6. At a hearing before this Court on October 14, 2026, Mr. Drazin, who is not a party to this case, the District Court Appeal, or the Circuit Court Appeal, through counsel, orally made a request for certification. The Court directed Mr. Drazin to submit his request in writing. The Court further ordered that the Borrowers respond by October 16, 2026 at 12:00 noon rather than the 14-day period contemplated by Fed. R. Bankr. P. 8006(f)(3), which unfairly prejudices the Borrowers' ability to fully respond to the Request, which involved an issue the Court candidly admitted that it had not faced before.

7. At 6:58 p.m. on October 14, 2026, Mr. Drazin filed the Request, purportedly under 28 U.S.C. § 158(d)(2)(A)(i), asking this Court to "certify the order of the United States District Court for the District of Columbia (the 'Order'), ECF No. 108." *See* ECF No. 124 (first sentence).

## MR. DRAZIN LACKS STANDING TO MAKE A REQUEST FOR CERTIFICATION OF THE ORDER.

8. Mr. Drazin lacks standing to request certification of the Order, an order entered in the District Court Appeal to which Mr. Drazin is not a party. It is well-established that a

litigant seeking redress in court must show injury, causation, and redressability. *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562, 112 S. Ct. 2130, 2137, 119 L.Ed.2d 351, 365 (1992). In this instance, Mr. Drazin's interests are not implicated in any manner by the District Court Appeal. Mr. Drazin is not mentioned even once in the Memorandum Opinion issued in connection with the Order. Thus, there is no basis for Mr. Drazin to seek redress in the form of certification of an order to which injury, causation, and redressability have not been, and cannot be, shown.

## MR. DRAZIN'S REQUEST IS PROCEDURALLY IMPROPER UNDER FED. R. BANKR. P. 8006.

9. No procedural mechanism permits this Court to certify an order *of the District Court* for appeal under 28 U.S.C. § 158(d), as Mr. Drazin requests.

10. Fed. R. Bankr. P. 8006, which governs the procedures for requests for certification of bankruptcy courts, provides for certification "of a *bankruptcy court's* judgment, order, or decree." Fed. R. Bankr. P. 8006(a) (italic emphasis added). Mr. Drazin, however, is not seeking certification of a judgment, order, or decree entered by a bankruptcy court. Rather, Mr. Drazin admittedly seeks certification of the Order entered by the District Court and, as such, the Request is not permitted under Fed. R. Bankr. P. 8006.

11. Even if Mr. Drazin were seeking certification for a direct appeal of a bankruptcy court judgment, order, or decree, which he is not, his Request fails to satisfy the content requirements of Fed. R. Bankr. P. 8006(f)(2) which requires that a request for certification of this Court include the following:

> (A) the facts needed to understand the question presented;
> (B) the question itself;
> (C) the relief sought;
> (D) the reasons why a direct appeal should be allowed, including which circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)–(iii) applies; and

(E) the judgment, order, or decree, and any related opinion or memorandum.

Fed. R. Bankr. P. 8006(f)(2). The Request includes *none* of the required information, except perhaps as to subpart (C), and did not include the judgment, order, or decree at issue or any related opinion or memorandum.

## MR. DRAZIN'S REQUEST IS NOT ALLOWED UNDER 28 U.S.C. § 158(D)(2)(A).

12. The Memorandum Opinion issued by the District Court in conjunction with the Order expressly provides, more than once, that the District Court Appeal is an interlocutory appeal. *See generally* ECF No. 23 in the District Court Appeal. It necessarily follows that the Order should be considered an interlocutory order.

13. 28 U.S.C. § 158(d)(2)(A) does not provide a basis for the appeal of the Order because 28 U.S.C. § 158(d)(2)(A) does not confer jurisdiction on the Court of Appeals to review an interlocutory order entered by the District Court. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 252, 112 S. Ct. 1146, 1149, 117 L.Ed.2d 391, 396-97 (1992) (explaining that "Neither this subsection nor any other part of § 158 mentions interlocutory orders entered by the district courts in bankruptcy" and that "§ 158 did not confer jurisdiction on the Court of Appeals.").

14. The Court of Appeals has expressly determined in the instance of a case remanded to this Court by a decision of the District Court for further proceedings, as provided for in the Order, such is not a final order and is, thus, unreviewable under 28 U.S.C. § 158(d). *See In re St. Charles Pres. Inv'rs, Ltd.*, 286 U.S. App. D.C. 312, 916 F.2d 727, 730 (1990) (dismissing appeal of decision of the District Court, brought pursuant to 28 U.S.C. § 158(d), for lack of jurisdiction because the order was "not final and hence is unreviewable at this juncture.").

15. Since the Order is an interlocutory order, 28 U.S.C. § 158(d)(2)(A), by its plain language, would allow an appeal of the Order if it were an appeal of a bankruptcy court order.

Specifically, 28 U.S.C. § 158(d)(2)(A) provides at the outset that "[t]he appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a)"). The first sentence of subsection (a) limits those orders to those of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title [28 USCS § 157]." 28 U.S.C. § 158(a). Thus, 28 U.S.C. § 158(d)(2)(A), standing alone, does not provide an avenue for appeal of an interlocutory order entered by the District Court to the Court of Appeals.

16. The U.S. Supreme Court has discussed the interlocutory appeal to courts of appeals that is available through §158(d)(2) observing that "[t]hat provision allows a bankruptcy court, district court, BAP, or the parties acting jointly *to certify a bankruptcy court's order to the court of appeals,* which then has discretion to hear the matter." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 508, 135 S. Ct. 1686, 1695-96, 191 L.Ed.2d 621, 630 (2015) (italic emphasis added). Again, the Order is not a bankruptcy court's order and, therefore, §158(d)(2) does not provide a mechanism for certification. Consequently, Fed. R. Bankr. P. 8006 does not permit the requested certification. That is because Mr. Drazin cannot plausibly allege that 28 U.S.C. § 158(d)(2)(A), as referenced in Fed. R. Bankr. P. 8006(f), is applicable under the circumstances.

17. 28 U.S.C. § 158(d)(2)(A) further makes it clear that only the court involved with the Order would have the authority to certify it under that section. In interpreting 28 U.S.C. § 158(d)(2)(A) in conjunction with a request for certification, another bankruptcy court determined that it "lacked authority to certify the district court's order for appeal" since it was not the court "involved" with the order under 28 U.S.C. § 158(d)(2)(A). *First Nat'l Bank v. Farmers Coop. Soc'y (In re Coastal Plains Pork, LLC),* Nos. 09-08367-8-RDD, 09-00214-8-RDD, 2011 Bankr. LEXIS 4415, at *1 (Bankr. E.D.N.C. Nov. 10, 2011).

## CONCLUSION

18. In sum, this Court may certify a direct appeal under 28 U.S.C. § 158(d)(2)(A) in accordance with the procedures set forth in Fed. R. Bankr. P. 8006, and Mr. Drazin has cited no authority to the contrary. Fed. R. Bankr. P. 8006 does not allow Mr. Drazin to request certification of the Order, as the Order is not a bankruptcy court's judgment, order, or decree. *See* Fed. R. Bankr. P. 8006(a). Mr. Drazin is also not a party to the "judgment, order or decree" under a plain reading of 28 U.S.C. § 158(d)(2)(A). Finally, even if a nonparty like Mr. Drazin, were allowed to request certification, the Request fails to comply with the express content requirements of Fed. R. Bankr. P. 8006(f).

19. Because the Request is both procedurally and substantively improper, the Court should deny the Request.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: October 16, 2026

/s/ James D. Sadowski

James D. Sadowski (DC Bar #446635)
Erin B. McAuliffe (DC Bar #1722421)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Emails: jds@gdllaw.com; ebm@gdllaw.com
*Counsel for Movants Developer RE1 LLC and 423 Kennedy St. Holdings LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2026, a true copy of the foregoing Objection and Opposition to Non-Party Russell Drazin's Request for Certification was filed electronically and a Notice of Electronic Filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski