The order below is hereby signed.

Signed: October 16 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br>**JPK Newco, LLC,**<br>**Debtor.** | **Case No. 26-00200-ELG**<br><br>**Chapter 11** |

## ORDER DENYING REQUEST FOR CERTIFICATION

At the hearing held October 14, 2026 (the "Hearing") on the *Motion for Stays, for Entry of a Scheduling Order, and to Set an Evidentiary Hearing* (ECF No. 112) filed by Developer RE1 LLC and 423 Kennedy St Holdings LLC (together, the "Movants"), the arguments of the parties prompted the Court to raise, *sua sponte*, the question of whether there was an obligation for the Court to certify under 28 U.S.C. § 158(b)(2)(B). Due to the imminent deadlines in a related appeal (the "Circuit Court Appeal") pending in the United States Court of Appeals for the District of Columbia Circuit (the "Circuit Court"), the Court ordered that a written request be docketed on October 14, 2026, and provided parties with an opportunity to file written supplements to the legal arguments raised at the Hearing by October 16, 2026 at 12:00 p.m.

Party in interest Russell Drazin timely filed a *Request for Certification* (the "Request") (ECF No. 124) and the Movants timely responded with their *Objection and Opposition* (ECF No. 127). In addition to the written submissions of the parties, the Court has independently reviewed the applicable statutes, rules, and relevant case law. The Court appreciates the thoroughness of the submissions of the parties and their compliance with the timeline established by the Court.

Upon further, more detailed consideration of relevant authorities, the Court finds that it does not have the right to issue the certification due to the current procedural posture of this case. The Court's *Memorandum Opinion on Motion to Dismiss* (ECF No. 92) and the District Court's *Memorandum Opinion* (Mem. Op. at 5, *In re JPK Newco, LLC,* No. 1:25-cv-03250-SLS (D.D.C. Sep. 10, 2026), ECF No. 23) recognize that this case involves a question of law as to which there is no controlling law within the D.C. Circuit or decision from the Supreme Court of the United States. This question forms the basis of the pending Circuit Court Appeal. In addition, 28 U.S.C. § 158(d)(2)(B) provides the Court with the authority and, in some circumstances, the obligation to, "make the certification described in subparagraph (A)" where one of the subsections of (A) is met. *Id.* § 158(d)(2)(B)(i)-(ii). However, both such power and obligation are limited by the hanging paragraph of 28 U.S.C. § 158(d)(b)(A) which specifically limits such situations to "the direct appeal of the judgment, order, or decree." *Id.* § 158(d)(2)(A).

Therefore, although subsection (d)(2)(A)(ii) is unquestionably applicable in the Circuit Court Appeal, the Court does not have the authority to issue such a certification in the current procedural posture of this case. Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the Request (ECF No. 124) is **DENIED**.

[Signed and dated above.]

Copies to: Parties who receive electronic notice.